JEFFER MANGELS BUTLER & MITCHELL LLP
BENJAMIN M. REZNIK (Bar No. 72364),
*breznik@jmbm.com*
MATTHEW D. HINKS (Bar No. 200750),
*mhinks@jmbm.com*
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiffs EPONA, LLC and MICHAEL
FOWLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPONA, LLC, a California limited liability company; MICHAEL FOWLER, an individual, | CASE NO. |
| Plaintiffs, | **COMPLAINT FOR:** |
| v. | **(1)    Abridgement of Free Speech in Violation of First Amendment of the United States Constitution and California Constitution Article 1, Section 2;** |
| COUNTY OF VENTURA, a political subdivision of the State of California; and DOES 1-25, inclusive, | |
| Defendants. | **(2)    Violation of Religious Land Use and Institutionalized Persons Act; 42 U.S.C. §§ 2000cc, *et seq.*;** |
| | **(3)    Denial of Equal Protection of Laws in Violation of Fourteenth Amendment to United States Constitution and Equal Protection Guarantees of California Constitution;** |
| | **(4)    Civil Rights Violations, 42 U.S.C. § 1983;** |
| | **(5)    Petition for Writ of Mandate; California Code of Civil Procedure § 1094.5; and** |
| | **(6)    Declaratory Relief** |
| | **DEMAND FOR JURY TRIAL** |

1    Plaintiffs Epona, LLC and Michael Fowler complain and allege as follows:

2    **INTRODUCTION**

3    1.    This litigation is filed to address and set aside the unlawful regulations

4    adopted by Defendant County of Ventura governing weddings and other religious and

5    charitable events pursuant to an overbroad and unconstitutional permitting scheme

6    that vests unbridled discretion in County officials over protected speech and

7    expressive conduct in violation of well-established free speech rights, and

8    discriminates against religious assemblies in violation of the Religious Land Use and

9    Institutionalized Persons Act ("RLUIPA").

10    2.    There can be little question but that wedding ceremonies constitute

11    protected expression under the First Amendment to the United States Constitution

12    and the free speech guarantees of the California Constitution, Article 1, Section 2.

13    Couples often express their religious commitments and values in their wedding

14    ceremony.   For example, it is common for religious leaders to serve as wedding

15    officiants.   Couples often include religious symbols and rituals in their wedding

16    ceremonies.  Even secular couples are often married in non-religious ceremonies that

17    reflect their beliefs and personal commitments.

18    3.    The core of a wedding ceremony's particularized message is easy to

19    discern, even if the message varies from one wedding to another.    Wedding

20    ceremonies convey important messages about the couple, their beliefs, and their

21    relationship to each other and to their community.   The core of the message in a

22    wedding is a celebration of marriage and the uniting of two people in a committed

23    long-term relationship.

24    4.    The United States and California Constitutions protect more than

25    political speech.   Indeed, there are a host of other types of communications that

26    command the same respect and accorded the same measure of Constitutional

27    protection as political speech.  Moreover, the Constitution also protects more than

28    just the spoken and written word.  It protects expressive conduct that conveys a

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   particularized message, such as those expressed in wedding ceremonies and other

2   religious events that are subjected to the County's unlawful regulations.

3        5.     Moreover, RLIUPA forbids the government from implementing a land

4   use regulation that imposes a substantial burden on religious exercise in the absence

5   of compelling justifications and forbids the government from treating a religious

6   assembly on less than equal terms with a nonreligious assembly.

7        6.     The County's unlawful permitting scheme regulating expressive conduct

8   and religious assemblies violates each of these Constitutional and statutory

9   protections.   Plaintiffs therefore bring this action to set aside those unlawful

10   regulations and to seek redress for the financial damages these unlawful regulations

11   have caused them to incur.

12                          **JURISDICTION AND VENUE**

13        7.     This Court has jurisdiction over this action under at least 28 U.S.C.

14   § 1331 on the basis of the existence of a federal question. Ancillary jurisdiction over

15   the state law claims is proper under 28 U.S.C. § 1367 because they arise under a

16   common nucleus of operative facts as the federal claims alleged herein.

17        8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) since the

18   actions complained of in this Complaint and the subject property are sited in the

19   Central District of California.

20                          **THE PARTIES**

21        9.     Plaintiff Epona, LLC ("Epona") was and is a limited liability company

22   organized and duly existing under the laws of the State of California and doing

23   business in the County of Ventura.

24        10.     Plaintiff Michael Fowler ("Fowler") is an individual residing in the

25   County of Ventura and owner of Epona.

26        11.     Epona and Fowler are collectively referred to herein as "Plaintiffs."

27        12.     Defendant County of Ventura is a general law county of the State of

28   California existing under the Constitution of the State of California with the capacity

JMBM   Jeffer Mangels Butler & Mitchell LLP

1  to sue and be sued. As used herein, the term "County" includes, but is not limited to,

2  County employees, agents, officers, boards, commissions, departments, and their

3  members, all equally charged with complying wit0h duties under the County

4  Municipal Code, and with the laws of the State.

5      13.   Plaintiffs do not know the true names of defendants DOES 1 through 25,

6  inclusive, and therefore sues them by those fictitious names. The names, capacities

7  and relationships of DOES 1 through 25 will be alleged by amendment to this

8  Complaint when the same are known.

9      14.   Defendant County together with DOES 1 through 25, inclusive, may be

10  referred to herein collectively as "Defendants" and individually as a "Defendant."

11      15.   Plaintiffs are informed and believe, and based thereon allege, that at all

12  times mentioned in this Complaint, each of the Defendants was the agent,

13  representative, partner, independent contractor and/or employee of the other

14  Defendants, and in doing the things alleged in this Complaint was acting within the

15  course and scope of that agency, representation, partnership, contract and

16  employment. Plaintiffs are further informed and believe, and based thereon allege,

17  that each of the fictitiously named Defendants is in some manner responsible for the

18  acts, occurrences and transactions set forth herein and are legally liable to Plaintiffs

19  herein. Plaintiffs are further informed and believe, and based thereon allege, that

20  each of the fictitiously named Defendants took some part in the acts and omissions

21  hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the

22  relief prayed for herein.

23             **FACTS COMMON TO ALL CAUSES OF ACTION**

24     **A.**   **Plaintiffs' Property**

25      16.   Plaintiffs are the owners of real property located at 1050 Potrero Road

26  (the "Property") in the community of Hidden Valley in an unincorporated area of the

27  County of Ventura. The Property is approximately 40 acres and is zoned under the

28  County's municipal code for agricultural purposes.

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
LA 13110094v1

- 4 -

17.     The formal zoning designation of the Property is AE-40 (Agriculture Exclusive, 40 acre minimum).   According to the County's zoning ordinance, the purpose of the AE zone is "to preserve and protect commercial agricultural lands as a limited and irreplaceable resource, to preserve and maintain agriculture as a major industry in Ventura County and to protect these areas from the encroachment of nonrelated uses which, by their nature, would have detrimental effects upon the agriculture industry."

18.     Much of the Property is devoted to agrarian uses including vineyards, a horse ranching operation and gardens, the latter of which Plaintiffs seek to use, in part, for nonprofit organizations to provide educational opportunities for special needs students and young adults under the sponsorship of Plaintiff Fowler.   The Fowler home, permitted farmworker/ranch hand dwellings and equestrian facilities have all been constructed on the Property.

19.     Plaintiffs planted the vineyard on the Property in 2014.   Already the vineyard is the third largest vineyard in the Malibu Coast American viticultural area and is one of several existing vineyards in Hidden Valley.   A vineyard, such as the one being established on the Property requires many years of costly investment to produce wine-quality grapes.   The horse ranching and equestrian activities that currently take place at the Property, while widely considered to be a community asset, do not provide income.   Thus, consistent with the County's Rural Tourism Program, discussed further below, Plaintiffs seek to host events at the Property— including wedding and other religious and charitable events—for the purpose of generating sufficient income to support and sustain the cultivation of the vineyards and the gardens, and enable the ongoing employment and housing of the farm's employees.

**B.     The County's Regulation of Weddings and Other Religious and Charitable Events**

20.     Allowable uses in agriculture zones in the County are governed by

- 5 -

PRINTED ON
RECYCLED PAPER
LA 13110094v1

1   Ventura County Non-Coastal Zoning Ordinance ("NCZO") § 8105-4.  A wide variety
2   of commercial and non-commercial uses are allowable by right in the AE zone into
3   which the Property is designated.  Other uses are allowable only with a conditional
4   use permit.

5       21.   Among the conditionally permitted uses, NCZO § 8105-4 permits AE
6   zoned properties to be used for "festivals, animal shows, and similar events,
7   temporary outdoor" only with a conditional use permit approved by the County's
8   Planning Director.

9       22.   Under NCZO § 8102-0, "festivals, animal shows, and similar events,
10  temporary outdoor" are defined as, "[o]utdoor recreational events such as harvest
11  festivals, amusement rides, historic re-enactments, animal events, art shows,
12  concerts, craft fairs, weddings, and religious revival meetings".  Thus, under the
13  applicable County regulations, AE zoned properties may only be used for
14  "weddings", "religious revival meetings" and other temporary religious and
15  charitable events, falling within the definition of "outdoor recreational events" with
16  an approved conditional use permit.

17      23.   Conditional use permit approval standards are governed by NCZO §
18  8111.1.2.1.1.  That section provides that, in addition to the payment of certain fees
19  and charges, a conditional use permit may only be issued where the "standards"
20  described in subsections (a) though (f) are met, or "if such conditions and limitations,
21  including time limits, as the decision-making authority deems necessary, are
22  imposed to allow the standards to be met."  The section further provides that the
23  "applicant shall have the burden of proving to the satisfaction of the appropriate
24  decision-making authority that the . . . standards can be met."   In addition,
25  "[s]pecific factual findings shall be made by the decision-making authority to
26  support the conclusion that each of the[] standards, if applicable, can be satisfied."

27      24.   Under NCZO § 8111.1.2.1.1, a conditional use permit may only be
28  issued where the decision maker determines in its discretion that the use:  (a) is

PRINTED ON
RECYCLED PAPER
LA 13110094v1

1    consistent with the County's General Plan and Chapters 1 and 2 of the Ventura
2    County Ordinance Code; (b) "is compatible with the character of surrounding,
3    legally established development"; (c) "would not be obnoxious or harmful, or
4    impair the utility of neighboring property or uses"; (d) "would not be detrimental to
5    the public interest, health, safety, convenience, or welfare" (e) "is compatible with
6    existing and potential land uses in the general area where the development is to be
7    located"; and (f) "will occur on a legal lot."

8        25.    In addition, under NCZO § 8111.1.2.1.2, where the use is proposed for
9    a lot located within the AE zone, "the following standards shall be met or be capable
10   of being met with appropriate conditions and limitations being placed on the use:"
11   (a) "the establishment or maintenance of this use will not significantly reduce,
12   restrict or adversely affect agricultural resources or the viability of agricultural
13   operations in the area"; (b) "structures will be sited to minimize conflicts with
14   agriculture, and that other uses will not significantly reduce, restrict or adversely
15   affect agricultural activities on-site or in the area, where applicable"; and (c) "the
16   use will be sited to remove as little land from agricultural production (or potential
17   agricultural production) as possible."

18       26.    These standards unlawfully vest in the decision making body—
19   depending upon the circumstances either the Planning Director, Planning
20   Commission or the Board of Supervisors—with unlimited and unbridled discretion
21   to approve and permit, or refuse to approve and permit, protected expressive
22   conduct, or to impose conditions upon the approval of protected expressive conduct,
23   in violation of the First Amendment of the U.S. Constitution and the free speech
24   provisions of the California Constitution, Article 1, Section 2.  Accordingly, NCZO
25   §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 are unconstitutional on their face
26   and as applied to Plaintiffs and Plaintiffs' Property.

27       **C.    The County's Rural Tourism Program**

28       27.    Plaintiffs are informed and believe and on that basis allege that in July

PRINTED ON
RECYCLED PAPER
LA 13110094v1

- 7 -

1   2013, the County received a grant of $70,000 from the Economic Development
2   Administration of the U.S. Department of Commerce for the study of Rural
3   Tourism.  The Rural Tourism Program was intended to promote rural tourism to
4   complement the County's agricultural industries and was designed to provide,
5   among other things, agricultural property owners with means to supplement their
6   income to assist in keeping agricultural lands economically viable.

7        28.    Pursuant to the Rural Tourism Program, the County amended the
8   NCZO in March 2015.   Among those amendments, the County permitted
9   agricultural lands to be used for Bed and Breakfast Inns, corporate retreats and for-
10   profit camps such as guest ranches and working ranches.

11        29.    In addition, the County expanded the list of temporary events
12   conditionally allowable in agricultural zones to include weddings and increased the
13   number of allowable events from 30 to 60 in any calendar year.

14   **D.    Plaintiff's Application for a Conditional Use Permit to Holding**
15          **Wedding and other Religious and Charitable Events at the Property**

16        30.    On or about April 12, 2015, Plaintiffs applied to the County for a
17   conditional use permit to allow Plaintiffs to use the Property for a variety of uses
18   falling under the definition of "festivals, animal shows, and similar events, temporary
19   outdoor" as used in NCZO § 8102-0, including, specifically, permission to use the
20   Property to hold wedding events and other religious and charitable events.

21        31.    As explained in Plaintiffs' submission to the County's Board of
22   Supervisors prior to its July 7, 2016, hearing, the proposed events would include
23   charitable fundraisers, farm to table luncheons, teas and dinners, family celebrations,
24   corporate events and religious ceremonies, including weddings.

25        32.    Plaintiffs' conditional use permit application was governed by NCZO §§
26   8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2.   Along with their application,
27   Plaintiffs submitted a detailed noise report demonstrating that the proposed events at
28   the Property would not cause any discernible noise impacts at neighboring properties.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1    In addition, evidence submitted into the administrative record established that the

2    events, as proposed by Plaintiffs, would not cause a significant traffic impact upon

3    adjoining roads.  Plaintiffs' application met all technical and objective requirements

4    for the holding of temporary events at the Property required by the NCZO.

5        33.    Under NCZO § 8105-4, the initial decision maker for a conditional use

6    permit for temporary outdoor events is the Planning Director.  However, here, the

7    Planning Director, pursuant to NCZO § 8111-4.1.1.b, deferred her decision on

8    Plaintiff's application to the Planning Commission "due to potential public

9    controversy involving the proposed project."

10       34.    The Planning Commission held a public hearing on Plaintiffs'

11   application on March 10, 2016.  The hearing lasted several hours.  Numerous people

12   spoke both in favor and against the application.  Following the close of the public

13   hearing, the Planning Commission voted to deny the application.

14       35.    The Planning Commission based its decision to deny the application on

15   the following findings set forth verbatim:

16       (1)    The venue is not compatible with the rural community of Hidden
17              Valley;

18       (2)    The venue has the potential to impair the utility of neighboring
                property or uses and is inconsistent with finding set forth in the
19              NCZO § 8111-1.2.1.1.c.; and

20       (3)    The venue has the potential to be detrimental to the public interest,
                health, safety, convenience, or welfare and is inconsistent with the
21              finding set forth in the NCZO § 8111-1.2.1.1.d.

22       36.    Plaintiffs appealed the denial of their application to the County's Board

23   of Supervisors.  The hearing on the application before the Board, like the hearing

24   before the Planning Commission, lasted multiple hours.  At the conclusion of the

25   hearing, the Board deadlocked 2-2, resulting in no action and the denial of Plaintiffs'

26   application.

27       37.    Thus, as a result of the actions of the Planning Commission and Board of

28

PRINTED ON
RECYCLED PAPER
LA 13110094v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   Supervisors, Plaintiffs were denied a permit to engage in protected expressive

2   conduct pursuant to the unconstitutional regulations set forth in NCZO §§ 8102-0,

3   8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 as described above.

4          **E.**    **Notices of Violation and Threatened Administrative Actions**

5         38.    The County has issued to Plaintiffs multiple notices of violation

6   ("NOVs") for wedding events held at the Property without a conditional use permit

7   approved pursuant to NCZO §§ 8111.1.2.1.1 and 8111.1.2.1.2.

8         39.    On July 14, 2015, the County issued an NOV, assigned Planning

9   Violation Case No. PV15-0019, for an unpermitted wedding event. The violation

10   was ultimately closed on August 20, 2015.

11         40.    On September 22, 2015, the County issued an NOV, assigned Planning

12   Violation Case No. PV 15-0022, for an unpermitted wedding event. The violation

13   was ultimately closed on January 14, 2016.

14         41.    On September 22, 2015, the County issued an NOV, assigned Planning

15   Violation Case No. PV 15-0023. The violation was ultimately closed on January 14,

16   2016.

17         42.    On September 22, 2015, the County issued an NOV, assigned Planning

18   Violation Case No. PV 15-0026, for an unpermitted wedding event. The violation

19   was ultimately closed on January 14, 2016.

20         43.    Each of the foregoing NOVs was closed because, according to the

21   County, "temporary events are self-abating once the event ends."

22         44.    On August 5, 2016, the County issued an NOV and Notice of Impending

23   Civil Administrative Penalties, assigned Planning Violation Case No. CV16-0350

24   (the "August 2016 NOV"), for unpermitted wedding events occurring at the Property

25   on July 16, 2016 and July 30, 2016. The August 2016 NOV states that the County

26   has confirmed that a violation of the NCZO exists on the Property and that the

27   alleged violation "must be corrected or abated immediately" or "additional

28   enforcement will be taken." According to the notice, "[a]batement can be achieved

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   by immediately discontinuing use of [the P]roperty as a temporary outdoor event
2   venue." Further, "in order to operate the [P]roperty as a temporary event venue, you
3   must obtain a [conditional use permit] from the County."

4       45.   The August 2016 NOV also states that if the alleged violation " is not
5   immediately and permanently abated – that is, if you do not refrain from operating
6   the property as an unpermitted temporary outdoor event venue – the following
7   enforcement actions may apply". The notice describes a range of threatened
8   administrative actions unless Plaintiffs permanently cease the use of the Property for
9   wedding events, including (1) the County would refuse to issue any new, or extend
10  any current, ministerial or discretionary permit in respect to any use or structure
11  existing on the Property; (2) the County would record a notice of noncompliance,
12  which would not be released until Plaintiffs pay all fees and charges imposed by the
13  County; and (3) the County will issue a Notice of Imposition of Civil Administrative
14  Penalties advising Plaintiffs of the amount of daily monetary penalties that will be
15  imposed against the Property. The notice states that the penalties shall accrue each
16  day and constitute a lien against the Property.

17      46.   The August 2016 NOV remains open. Plaintiffs are informed and
18  believe and on that basis allege that the County intends to impose penalties and fees
19  against Plaintiffs in connection with the August 2016 NOV but has not yet done so.

20      **E.**    **The County's Selective and Discriminatory Enforcement**

21      47.   Plaintiffs are informed and believe and on that basis allege that the
22  County applies its ordinances regulating weddings, and other religious and charitable
23  events in a selective and discriminatory manner. For example, NCZO §§ 8102-0,
24  8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 make no distinction between commercial and
25  non-commercial weddings and events, which have the same impacts upon noise and
26  traffic. Nevertheless, the County maintains a policy of not enforcing these
27  regulations against weddings involving immediate family members, while enforcing
28  them against commercial weddings and even weddings of family friends and even

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    distant relatives.

2        48.    In addition, Plaintiffs are informed and believe and on that basis allege

3    that the County maintains a policy, which mandates that, where a property owner

4    intends to hold a wedding on his or her property, all other social events that would

5    not otherwise require a conditional use permit are to be regulated by a conditional use

6    permit for the wedding despite the fact that such activities would not otherwise

7    require such a permit.

8        49.    The County's discrimination against wedding and other religious and

9    charitable events lacks a compelling justification.  Nor are the distinctions drawn by

10   the County supported by a rational basis.  Other commercial events, such as filming,

11   that are allowed by the County either by right or through a ministerial permit in

12   agricultural zoned areas, have far greater environmental impacts to Hidden Valley,

13   yet enjoy far fewer restrictions and regulations.  For example, the County has issued

14   permits for commercial filming activities near the Property involving after hours

15   filming; gunfire, explosions and excessive noise; filming of concerts, parties or other

16   special events; aircrafts and helicopters; and even, in at least one case, the filming of

17   a television wedding.

18       50.    Plaintiffs are informed and believe and on that basis allege that, the

19   County has issued permits for filming at 15 locations in the areas governed by the

20   Hidden Valley/Lake Sherwood Area Plan totaling over 4,200 hours of filming

21   activity.    The County does not have a valid basis for treating filming uses so

22   dramatically different that religious-based land uses.

23       51.    Plaintiffs are informed and believe and on that basis allege that the

24   County has previously approved conditional use permits for temporary outdoor

25   events many other locations in Hidden Valley.  Just to take one example, the County

26   issued a conditional use permit for temporary outdoor events to the Lake Sherwood

27   Country Club. In connection with that approval, the County determined that a permit

28   allowing 175 outdoor weddings/events per year ranging from 200 to 1,000 guests

1   with amplified sound allowed until 11:00 p.m. would be consistent with the

2   surrounding community.  In so doing, the County approved an application for more

3   events imposing greater environmental impacts than Plaintiffs' application.  Because

4   both properties are near one another in the Hidden Valley community, the two are

5   similarly situated.  The County had no justification for the treating the applications

6   differently and approving the Lake Sherwood application while denying Plaintiffs'.

7       52.   Plaintiffs are informed and believe and on that basis allege that the

8   County has issued conditional use permits for temporary outdoor events to the

9   following properties all of which are similarly situated to Plaintiffs and Plaintiffs'

10   Property:  Lake Sherwood Country Club, Bell Canyon Community Center, Piru

11   Mansion, McCormick Ranch, Bella Victoria-Monahan, Walnut Grove Terra Rejada

12   Ranch, Gerry Ranch, Maravilla Gardens, Eden's Gardens, Limoneira, Rancho de Las

13   Palmas, Los Posas Country Club and Hartley Botanica,   Plaintiffs are further

14   informed and believe and on that basis allege that the County has turned down only

15   one applicant for a conditional use permit seeking to conduct weddings in Hidden

16   Valley:  Plaintiffs.

17      **F.**   **Plaintiffs Have Suffered Substantial Monetary Damages**

18       53.   As a result of the County's insistence that Plaintiffs seek and obtain a

19   conditional use permit prior to engaging in protected activity, its denial of Plaintiffs'

20   application and the issuance by the County of repeated NOVs in connection with

21   protected activity, Plaintiffs have been prevented from holding events at the Property

22   and have thereby incurred substantial damages in an amount to be proven at the trial

23   of this action.

24                   **FIRST CAUSE OF ACTION**

25   **(Abridgement of Free Speech in Violation of First Amendment of the United**

26      **States Constitution and California Constitution Article 1, Section 2)**

27       54.   Plaintiffs incorporate by reference the allegations in Paragraphs 1

28   through 50 above as if fully set forth herein.

PRINTED ON
RECYCLED PAPER
LA 13110094v1

JMBM  Jeffer Mangels
Butler & Mitchell LLP

55.     Under County regulations established by NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2, a conditional use permit is required before a person may engage in protected expressive conduct upon agricultural lands in the County, including the Property. The standards of approval of such a permit unlawfully vest in the decision making body with unlimited and unbridled discretion to approve and permit, or refuse to approve and permit, protected expressive conduct, or to impose conditions upon the approval of protected expressive conduct, in violation of the First Amendment of the U.S. Constitution and the free speech provisions of the California Constitution, Article 1, Section 2.

56.     NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 are unconstitutional on their face and as applied to Plaintiffs and Plaintiffs' Property. The regulations imposed by these sections have a close nexus to expression, or conduct commonly associated with expression, and pose a real and substantial threat of the risks of censorship.

57.     The regulations established by NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 impose unjustifiable burdens upon protected expression and expressive conduct, which are not reasonable in light of the purposes served by the forum. Moreover, by vesting permitting officials with unbridled discretion over protected activity, the regulations are not viewpoint neutral and are, instead, content based.

58.     The regulations established by NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 constitute an illicit prior restraint upon protected speech.

59.     Plaintiffs sought approval from the County prior to engaging in constitutionally-protected speech. The County denied Plaintiffs' application.

60.     In applying the unconstitutional regulations to Plaintiffs and Plaintiffs' Property, the County has acted under color of statute, ordinance, regulation and policy of the municipality.

61.     As a direct and proximate result of the County's actions, Plaintiffs have

PRINTED ON
RECYCLED PAPER
LA 13110094v1

1  suffered damages and will continue to suffer damages in an amount to be proven at

2  trial.

3      62.    In addition, Plaintiffs are informed and believe and thereon allege that

4  unless and until restrained by this Court, the County will continue to apply the

5  unconstitutional regulations described herein, refuse to permit Plaintiffs' application

6  to engage in protected speech and expressive conduct and seek to enforce the invalid

7  August 2016 NOV.

8      63.    Unless the County is enjoined and restrained from engaging in such

9  conduct, Plaintiffs will be irreparably injured and deprived of Constitutional rights

10  guaranteed under the state and federal Constitutions, will suffer substantial loss of

11  license fees and goodwill, the nature and extent of which will be extremely difficult

12  or impossible to ascertain.

13      64.    Plaintiffs have no adequate remedy at law to prevent or redress the

14  irreparable injury alleged herein.

15                    **SECOND CAUSE OF ACTION**

16  **(Violation of Religious Land Use and Institutionalized Persons Act; 42 U.S.C. §§**

17                        **2000cc, *et seq.*)**

18      65.    Plaintiffs incorporate by reference the allegations in Paragraphs 1

19  through 61 above as if fully set forth herein.

20      66.    The Religious Land Use and Institutionalized Persons Act ("RLUIPA"),

21  42 U.S.C. §§ 2000cc(a), provides that, "[n]o government shall impose or implement a

22  land use regulation in a manner that imposes a substantial burden on the religious

23  exercise of a person, including a religious assembly or institution, unless the

24  government demonstrates that imposition of the burden on that person, assembly, or

25  institution (A) is in furtherance of a compelling governmental interest; and (B) is the

26  least restrictive means of furthering that compelling governmental interest."

27      67.    In addition, 42 U.S.C. §§ 2000cc(b) provides that, "[n]o government

28  shall impose or implement a land use regulation in a manner that treats a religious

assembly or institution on less than equal terms with a nonreligious assembly or institution" and "[n]o government shall impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination."

68. The regulations established by NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 violate these standards because they impose a substantial burden on the religious exercise of Plaintiffs and members of the public who desire to use Plaintiffs' Property for weddings and other religious events. No compelling governmental interest supports these regulations, which are not the least restrictive means of furthering whatever legitimate zoning interests the County does hold.

69. Moreover, the regulations established by NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 violate RLUIPA because the regulations treat religious assemblies such as weddings, religious revival meetings and other religious events on less than equal terms with a nonreligious assembly and events, including such uses as filming and other uses, which are not subject to the same onerous restrictions and regulations as religious uses.

70. In applying the unlawful regulations to Plaintiffs and Plaintiffs' Property, the County has acted under color of statute, ordinance, regulation and policy of the municipality.

71. As a direct and proximate result of the County's actions, Plaintiffs have suffered damages and will continue to suffer damages in an amount to be proven at trial.

72. In addition, Plaintiffs are informed and believe and thereon allege that unless and until restrained by this Court, the County will continue to apply the unlawful regulations described herein, refuse to permit Plaintiffs' application and seek to enforce the invalid August 2016 NOV.

73. Unless the County is enjoined and restrained from engaging in such conduct, Plaintiffs will be irreparably injured and deprived of statutory rights

1  guaranteed under federal law, will suffer substantial loss of license fees and goodwill,

2  the nature and extent of which will be extremely difficult or impossible to ascertain.

3      74.    Plaintiffs have no adequate remedy at law to prevent or redress the

4  irreparable injury alleged herein.

5  **THIRD CAUSE OF ACTION**

6  **(Denial of Equal Protection of Laws in Violation of Fourteenth Amendment to**

7  **United States Constitution and Equal Protection Guarantees of California**

8  **Constitution)**

9      75.    Plaintiffs incorporate by reference the allegations in Paragraphs 1

10  through 71 above as if fully set forth herein.

11      76.    Under the Equal Protection clause of the United States and California

12  Constitutions, laws that treat similarly situated individuals or groups differently must

13  have a rational basis for their adoption to be enforced.  Moreover, regulations treating

14  individuals or groups differently based upon protected classifications are subject to

15  enhanced scrutiny and are invalid where they are not supported by compelling

16  justifications or narrowly tailored to address the government's legitimate concerns.

17      77.    As a result of the conduct alleged herein, the County's actions have

18  deprived Plaintiffs of the equal protection of the laws guaranteed by the United States

19  and California Constitutions.

20      78.    In applying the unconstitutional and unlawful regulations imposed by

21  NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2, the County has unlawfully

22  discriminated against Plaintiffs and Plaintiffs' Property by treating non-religious uses

23  more favorably than religious uses without a compelling justification.

24      79.    In addition, the County discriminated against Plaintiffs in its handling of

25  Plaintiffs' application by applying standards not applied to similarly-situated

26  properties identified above.  The County had no justification for the treating the

27  applications differently and approving the other applications and denying Plaintiffs'.

28      80.    In taking the actions set forth herein, the County violated Plaintiffs' right

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1   to Equal Protection. The County's discriminatory and selective treatment of Plaintiffs
2   was performed without sufficient justification and was different from the manner in
3   which the County has considered other, similarly situated applicants.

4       81.   In applying these provisions to Plaintiffs and Plaintiffs' Property, the
5   County acted under color of statute, ordinance, regulation and policy of the
6   municipality.

7       82.   As a direct and proximate result of the County's actions, Plaintiffs have
8   suffered damages and will continue to suffer damages in an amount to be proven at
9   trial.

10       83.   In addition, Plaintiffs are informed and believe and thereon allege that
11   unless and until restrained by this Court, the County will continue to selectively
12   enforce its ordinances and continue to discriminate against Plaintiffs, Plaintiffs'
13   Property and religious land uses.

14       84.   Unless the County is enjoined and restrained from engaging in such
15   conduct, Plaintiffs will be irreparably injured and deprived of Constitutional rights
16   guaranteed under the state and federal Constitutions, will suffer substantial loss of
17   license fees and good will, the nature and extent of which will be extremely difficult
18   or impossible to ascertain.

19       85.   Plaintiffs have no adequate remedy at law to prevent or redress the
20   irreparable injury alleged herein.

21   **FOURTH CAUSE OF ACTION**

22   **(Civil Rights Violations, 42 U.S.C. § 1983)**

23       86.   Plaintiffs incorporate by reference the allegations in Paragraphs 1
24   through 82 above as if fully set forth herein.

25       87.   By its acts in disapproving Plaintiffs' application, refusing to allow
26   Plaintiffs to use their Property for weddings and other religious and charitable events,
27   and issuing the NOVs described herein the County and its representatives, while
28   acting in their administrative capacities, knowingly and intentionally deprived

PRINTED ON
RECYCLED PAPER
LA 13110094v1

1  Plaintiffs of their rights under the United States and California Constitutions and
2  federal laws, including, but not limited to RLUIPA and 42 USC §1983, and acted in
3  conscious disregard to Plaintiffs' clearly established rights.  The County's actions, on
4  their face and as applied to the Property, constitute a violation of Plaintiffs' right to
5  free speech and right to equal protection as alleged herein.

6       88.    By virtue of the foregoing, the County, acting under the color of the laws
7  of the State of California, and the laws, regulations and customs of the County,
8  deprived Plaintiffs of the rights and privileges secured by the United States
9  Constitution and laws.

10       89.    As a direct and proximate result of the foregoing, Plaintiffs have been
11  damaged in an amount not yet ascertained, but which will be proven at trial.

12       90.    Plaintiffs are entitled to attorneys' fees pursuant to 42 USC § 1988.

13  **<u>FIFTH CAUSE OF ACTION</u>**

14  **(Petition for Writ of Mandate; California Code of Civil Procedure § 1094.5)**

15       91.    Plaintiffs incorporate by reference the allegations in Paragraphs 1
16  through 87 above as if fully set forth herein.

17       92.    California Code of Civil Procedure § 1094.5 provides that in matters
18  involving a final administrative order or decision made as the result of a proceeding
19  in which by law a hearing is required to be given, evidence is required to be taken,
20  and discretion in the determination of facts is vested in the inferior agency, a writ of
21  mandate shall issue where (1) the agency has proceeded without, or in excess of,
22  jurisdiction,(2)  the agency failed to provide a fair trial, or (3) the agency commits a
23  prejudicial abuse of discretion.

24       93.    An abuse of discretion is established if the agency has not proceeded in
25  the manner required by law, its order or decision is not supported by the agency's
26  findings, or the findings are not supported by the evidence.

27       94.    Plaintiffs are the owners of the Property and are beneficially interested in
28  the subject of this litigation.

PRINTED ON
RECYCLED PAPER
LA 13110094v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

95. The County proceeded without and in excess of its lawful jurisdiction because the County was prohibited by Constitutional and statutory law discussed herein, including the free speech provisions of the United States and California Constitutions, RLUIPA and the equal protection guarantees of the United States and California Constitutions, from requiring the issuance of a conditional use permit to hold weddings and other religious and charitable events at the Property.

96. The County failed to provide Plaintiffs with a fair trial in that, in denying Plaintiffs' application, the County adopted and applied a *de facto* moratorium on religious and charitable events in agricultural lands in violation of applicable law.

97. The County's decision to deny the application amounted to an abuse of discretion because, among other things, the County's decision was not supported by its findings and the County's findings are not supported by substantial evidence.

98. Plaintiffs have exhausted all required administrative remedies, or are excused from exhausting their remedies as a result of the futility of pursuing such remedies, among other things.

99. Plaintiffs have no administrative remedy and have no plain, speedy or adequate remedy in the ordinary course of law. The only remedy provided by law for Plaintiffs to obtain relief is this Petition for Writ of Mandate pursuant to California Civil Procedure Code § 1094.5.

100. Because of the County's unlawful acts, Plaintiffs have had to employ attorneys to bring this litigation. Plaintiffs have incurred and will incur substantial attorneys' fees and litigation costs. This litigation, if successful, will result in enforcement of important rights affecting the public interest, including the rights of property owners in the County to engage in protected expressive conduct making an award of attorneys' fees under California Civil Code § 1021.5 appropriate.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

101. Plaintiffs incorporate by reference the allegations in Paragraphs 1

JMBM Jeffer Mangels Butler & Mitchell LLP

PRINTED ON RECYCLED PAPER
LA 13110094v1

1    through 97 above as if fully set forth herein.

2          102.   An actual controversy exists among Plaintiffs and the County inasmuch

3    as Plaintiffs contend, and the County disputes, that (1) NCZO §§ 8102-0, 8105-4,

4    8111.1.2.1.1 and 8111.1.2.1.2 are unconstitutional on their face and as applied to

5    Plaintiffs and Plaintiffs' Property; and (2) the NOVs, including the August 2016

6    NOV, which are all based upon unconstitutional regulations, are invalid and void.

7          103.   Plaintiffs desire an immediate declaration of their rights arising out of all

8    of the facts and circumstances alleged herein and the concomitant obligations of the

9    County.   Such declaration is necessary and appropriate at this time inasmuch as

10   Plaintiffs are irreparably injured and will continue to suffer irreparable injury until

11   such time as a declaration of their rights is made.

12                            **PRAYER FOR RELIEF**

13         WHEREFORE, Plaintiffs pray for the following relief:

14         1.     For a judicial declaration and decree that NCZO §§ 8102-0, 8105-4,

15   8111.1.2.1.1 and 8111.1.2.1.2 are unconstitutional on their face and as applied to

16   Plaintiffs and Plaintiffs' Property because the regulations imposed by the County's

17   ordinances vest in County permitting officials unbridled discretion over protected

18   speech and conduct; impose an unjustifiable burden on Plaintiffs' and others' free

19   speech rights; constitute an illicit prior restraint upon speech and deprive Plaintiffs of

20   the equal protection of the laws in violation of rights secured by the First and

21   Fourteenth Amendments to the United States Constitution and free speech and equal

22   protection rights of the California Constitution;

23         2.     For a judicial declaration and decree that NCZO §§ 8102-0, 8105-4,

24   8111.1.2.1.1 and 8111.1.2.1.2 are invalid on their face and as applied to Plaintiffs and

25   Plaintiffs' Property because the regulations imposed by the County's ordinances

26   violate the Religious Land Use and Institutionalized Persons Act; 42 U.S.C. §§

27   2000cc, *et seq.*;

28         3.     For a preliminary and permanent injunction restraining the County and

JMBM | Jeffer Mangels
Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
LA 13110094v1

1    its agents, employees, representatives, successors, and all persons acting in concert

2    with it from enforcing the unconstitutional and unlawful provisions of NCZO §§

3    8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 and enforcing the NOVs described

4    herein;

5        4.    For a declaration of the rights and duties of the parties as requested

6    herein above;

7        5.    For compensatory damages in an amount to be determined at trial;

8        6.    For attorneys' fees pursuant to 42 U.S.C § 1988, California Civil Code

9    §1021.5 and any other applicable provision of state or federal law;

10       7.    For exemplary and punitive damages;

11       8.    For costs of suit herein; and

12       9.    For such other and further relief as the Court may deem just and proper.

13

14

15   DATED:  August 24, 2016    JEFFER MANGELS BUTLER & MITCHELL LLP
                                BENJAMIN M. REZNIK
16                              MATTHEW D. HINKS

17

18                              By: _____
                                        MATTHEW D. HINKS
19                              Attorneys for Plaintiff EPONA

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER
LA 13110094v1

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby demand a jury trial as provided in Rule 38 of the

3    Federal Rules of Civil Procedure and Local Rule 38-1.

4

5

6    DATED:  August 24, 2016      JEFFER MANGELS BUTLER & MITCHELL LLP
                                   BENJAMIN M. REZNIK
7                                  MATTHEW D. HINKS

8

9                                  By: _____
                                            MATTHEW D. HINKS
10                                 Attorneys for Plaintiff EPONA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER
LA 13110094v1

JMBM | Jeffer Mangels Butler & Mitchell LLP