JEFFER MANGELS BUTLER & MITCHELL LLP
BENJAMIN M. REZNIK (Bar No. 72364),
*breznik@jmbm.com*
MATTHEW D. HINKS (Bar No. 200750),
*mhinks@jmbm.com*
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Plaintiffs EPONA, LLC and MICHAEL
FOWLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPONA, LLC, a California limited liability company; MICHAEL FOWLER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF VENTURA, a political subdivision of the State of California; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO.<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1)   Abridgement of Free Speech in Violation of First Amendment of the United States Constitution and California Constitution Article 1, Section 2;**<br><br>**(2)   Violation of Religious Land Use and Institutionalized Persons Act; 42 U.S.C. §§ 2000cc,** *et seq.***;**<br><br>**(3)   Denial of Equal Protection of Laws in Violation of Fourteenth Amendment to United States Constitution and Equal Protection Guarantees of California Constitution;**<br><br>**(4)   Civil Rights Violations, 42 U.S.C. § 1983;**<br><br>**(5)   Petition for Writ of Mandate; California Code of Civil Procedure § 1094.5; and**<br><br>**(6)   Declaratory Relief**<br><br>**DEMAND FOR JURY TRIAL** |

PRINTED ON

RECYCLED PAPER
LA 13212090v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

Plaintiffs Epona, LLC and Michael Fowler complain and allege as follows:

## INTRODUCTION

1.      This litigation is filed to address and set aside the unlawful regulations adopted by Defendant County of Ventura governing weddings and other religious events pursuant to an overbroad and unconstitutional permitting scheme that vests unbridled discretion in County officials over protected speech and expressive conduct in violation of well-established free speech rights, and imposes a substantial burden upon and discriminates against religious assemblies in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

2.      There can be little question but that wedding ceremonies constitute protected expression under the First Amendment to the United States Constitution and the free speech guarantees of the California Constitution, Article 1, Section 2. Couples often express their religious commitments and values in their wedding ceremony.  For example, it is common for religious leaders to serve as wedding officiants.  Couples often include religious symbols and rituals in their wedding ceremonies.  Even secular couples are often married in non-religious ceremonies that reflect their beliefs and personal commitments.

3.      The core of a wedding ceremony's particularized message is easy to discern, even if the message varies from one wedding to another.   Wedding ceremonies convey important messages about the couple, their beliefs, and their relationship to each other and to their community.  The core of the message in a wedding is a celebration of marriage and the uniting of two people in a committed long-term relationship.

4.      The United States and California Constitutions protect more than political speech.  Indeed, there are a host of other types of communications that command the same respect and are accorded the same measure of Constitutional protection as political speech.  Moreover, the Constitution also protects more than just the spoken and written word.  It protects expressive conduct that conveys a

PRINTED ON
RECYCLED PAPER
LA 13212090v1

particularized message, such as those expressed in wedding ceremonies and other religious events that are subjected to the County's unlawful regulations.

5.    Moreover, RLIUPA forbids the government from implementing a land use regulation that imposes a substantial burden on religious exercise in the absence of compelling justifications.

6.    RLIUPA also pointedly forbids the government from treating a religious assembly on less than equal terms with a nonreligious assembly.

7.    The County's unlawful permitting scheme regulating expressive conduct and religious assemblies violates each of these Constitutional and statutory protections.   Plaintiffs therefore bring this action to set aside those unlawful regulations and to seek redress for the financial damages these unlawful regulations have caused them to incur.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this action under at least 28 U.S.C. § 1331 on the basis of the existence of a federal question.  Ancillary jurisdiction over the state law claims is proper under 28 U.S.C. § 1367 because they arise under a common nucleus of operative facts as the federal claims alleged herein.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) since the actions complained of in this Complaint and the subject property are sited in the Central District of California.

## THE PARTIES

10.    Plaintiff Epona, LLC ("Epona") was and is a limited liability company organized and duly existing under the laws of the State of California and doing business in the County of Ventura.

11.    Plaintiff Michael Fowler ("Fowler") is an individual residing in the County of Ventura and owner/resident of Epona Farms.

12.    Epona and Fowler are collectively referred to herein as "Plaintiffs."

13.    Defendant County of Ventura is a general law county of the State of

PRINTED ON
RECYCLED PAPER
LA 13212090v1

California existing under the Constitution of the State of California with the capacity to sue and be sued.  As used herein, the term "County" includes, but is not limited to, County employees, agents, officers, boards, commissions, departments, and their members, all equally charged with complying wit0h duties under the County Municipal Code, and with the laws of the State.

14.    Plaintiffs do not know the true names of defendants DOES 1 through 25, inclusive, and therefore sues them by those fictitious names.  The names, capacities and relationships of DOES 1 through 25 will be alleged by amendment to this Complaint when the same are known.

15.    Defendant County together with DOES 1 through 25, inclusive, may be referred to herein collectively as "Defendants" and individually as a "Defendant."

16.    Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned in this Complaint, each of the Defendants was the agent, representative, partner, independent contractor and/or employee of the other Defendants, and in doing the things alleged in this Complaint was acting within the course and scope of that agency, representation, partnership, contract and employment.  Plaintiffs are further informed and believe, and based thereon allege, that each of the fictitiously named Defendants is in some manner responsible for the acts, occurrences and transactions set forth herein and are legally liable to Plaintiffs herein.  Plaintiffs are further informed and believe, and based thereon allege, that each of the fictitiously named Defendants took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A.    Plaintiffs' Property

17.    Plaintiffs are the owners of real property located at 1050 Potrero Road (the "Property") in the community of Hidden Valley in an unincorporated area of the County of Ventura.  The Property is approximately 40 acres and is zoned under the

PRINTED ON
RECYCLED PAPER
LA 13212090v1

1  County's municipal code for agricultural purposes.

2      18.    The formal zoning designation of the Property is AE-40 (Agriculture

3  Exclusive, 40 acre minimum).   According to the County's zoning ordinance, the

4  purpose of the AE zone is "to preserve and protect commercial agricultural lands as

5  a limited and irreplaceable resource, to preserve and maintain agriculture as a major

6  industry in Ventura County and to protect these areas from the encroachment of

7  nonrelated uses which, by their nature, would have detrimental effects upon the

8  agriculture industry."

9      19.    Much of the Property is devoted to agrarian uses including vineyards, a

10 horse ranching operation and sustainable farming gardens, the latter of which

11 Plaintiffs seek to use, in part, for nonprofit organizations to provide educational

12 opportunities for special needs students and young adults under the sponsorship of

13 Plaintiff Fowler.   The Fowler home, permitted farmworker/ranch hand dwellings and

14 equestrian facilities have all been constructed on the Property.

15     20.    Plaintiffs planted the vineyard on the Property in 2014.   Already the

16 vineyard is the third largest vineyard in the Malibu Coast American Viticultural Area

17 ("AVA") and is one of several existing vineyards in Hidden Valley.   A vineyard, such

18 as the one being established on the Property requires many years of costly investment

19 to produce wine-quality grapes.    The horse ranching, farming and equestrian

20 activities that also currently take place at the Property, while widely considered to be

21 a community asset, do not provide income.   Thus, consistent with the County's Rural

22 Tourism Program, discussed further below, Plaintiffs seek to host private, invite-only

23 events at the Property—including wedding and other religious events—for the

24 purpose of generating sufficient income to support and sustain the cultivation of the

25 vineyards and the gardens, and enable the ongoing employment and housing of the

26 farm's employees.

27     21.    The Property is not located within any of the County's rural residential

28 zones.   All of the surrounding properties are zoned either for agricultural uses or for

1    open space.

2         22.    Plaintiffs have a substantial investment in the Property.  In addition to

3    the costs of acquisition, Plaintiffs have invested around $1.5 to $2 million in

4    permitting, construction and other fees and costs attributable to the establishment of

5    the facilities necessary to hold wedding and other religious events at the Property.

6    Plaintiffs own no other property in the Hidden Valley area and have no right to access

7    or use other property in the Hidden Valley area to hold weddings or other religious

8    events.

9         23.    Commercial businesses operating in Hidden Valley include Alu Jumps

10   USA, the headquarters of which is located at 933 West Potrero Road.  Alu Jumps is a

11   retailer of aluminum jumps used in connection with equestrian events, tack trunks

12   and feed carts.  Al Jumps operates 7 days a week.  Other business include a variety of

13   commercial sellers of cattle, horses and plants, including a large scale native plant

14   and grass business, commercial fair businesses; a hauling company; boarding and

15   stud facilities; an equestrian training facility; an overnight summer camp; and a

16   facility for monthly equestrian clinics with a clubhouse for spectators.

17        **B.    The County's Regulation of Weddings and Other Religious and**

18             **Charitable Events**

19        24.    Allowable uses in agriculture zones in the County are governed by

20   Ventura County Non-Coastal Zoning Ordinance ("NCZO") § 8105-4.  A wide variety

21   of commercial and non-commercial uses are allowable by right in the AE zone into

22   which the Property is designated.  Other uses are allowable only with a conditional

23   use permit.

24        25.    Among the conditionally permitted uses, NCZO § 8105-4 permits AE

25   zoned properties to be used for "festivals, animal shows, and similar events,

26   temporary outdoor" only with a conditional use permit approved by the County's

27   Planning Director.

28        26.    Under NCZO § 8102-0, "festivals, animal shows, and similar events,

PRINTED ON
RECYCLED PAPER
LA 13212090v1

temporary outdoor" are defined as, "[o]utdoor recreational events such as harvest festivals, amusement rides, historic re-enactments, animal events, art show**s,** concerts, craft fairs, weddings, and religious revival meetings".  Notably, each of the outdoor events falling within the defined phrase is a general public admission event, except for weddings which are generally private and invite-only.

27.   Thus, under the applicable County regulations, AE zoned properties may only be used for "weddings" and "religious revival meetings" with an approved conditional use permit.

28.   Plaintiffs are informed and believe and on that basis allege that, in its implementation of NCZO § 8102-0, the County does not require a conditional use permit, or any other permit, to hold on properties zoned for agricultural uses non-public outdoor recreational events such as social events, parties or political or charitable fundraisers not falling within the enumerated list of temporary outdoor events.  However, where a property owner seeks to hold a wedding ceremony on agricultural-zoned lands, the County requires the issuance of a conditional use permit, not only for the wedding ceremony, but any planned additional temporary outdoor events, including social events, parties or political or charitable fundraisers that are not otherwise subject to a conditional use permit requirement under the County's practice and interpretation of its ordinances.

29.   Conditional use permit approval standards are governed by NCZO § 8111.1.2.1.1.  That section provides that, in addition to the payment of certain fees and charges, a conditional use permit may only be issued where the "standards" described in subsections (a) though (f) are met, or "if such conditions and limitations, including time limits, as the decision-making authority deems necessary, are imposed to allow the standards to be met."  In addition, "[s]pecific factual findings shall be made by the decision-making authority to support the conclusion that each of the[] standards, if applicable, can be satisfied."

30.   NCZO § 8111.1.2.1.1 provides that, a conditional use permit "***may*** only

PRINTED ON
RECYCLED PAPER
LA 13212090v1

be granted" where all applicable fees have been paid and if the decision maker determines in its discretion that all of the following standards are met:

(a)     The proposed development is consistent with the intent and provisions of the County's General Plan and of Division 8, Chapters 1 and 2 of the Ventura County Ordinance Code;

(b)     The proposed development is compatible with the character of surrounding, legally established development;

(c)     The proposed development would not be obnoxious or harmful, or impair the utility of neighboring property or uses;

(d)     The proposed development would not be detrimental to the public interest, health, safety, convenience, or welfare;

(e)     The proposed development, if allowed by a Conditional Use Permit, is compatible with existing and potential land uses in the general area where the development is to be located; and

(f)     The proposed development will occur on a legal lot.

31.     In addition, under NCZO § 8111.1.2.1.2, where the use is proposed for a lot located within the AE zone, "the following standards shall be met or be capable of being met with appropriate conditions and limitations being placed on the use:" (a) "the establishment or maintenance of this use will not significantly reduce, restrict or adversely affect agricultural resources or the viability of agricultural operations in the area"; (b) "structures will be sited to minimize conflicts with agriculture, and that other uses will not significantly reduce, restrict or adversely affect agricultural activities on-site or in the area, where applicable"; and (c) "the use will be sited to remove as little land from agricultural production (or potential agricultural production) as possible."

32.     Under NCZO § 8111.1.2.1.1, the applicant bears "the burden of proving to the satisfaction of the appropriate decision-making authority that the" foregoing standards can be met.  In addition, given the use of the permissive "may" in NCZO §

PRINTED ON
RECYCLED PAPER
LA 13212090v1

1   8111.1.2.1.1, even if the evidence compels the conclusion that each of the
2   enumerated standards have been met, the decision maker retains the authority to
3   deny the requested conditional use permit in his, her or its discretion.

4       33.   Although NCZO § 8111.1.2.1.1 requires that "[s]pecific factual findings
5   shall be made" by the decision making authority to approve a conditional use permit,
6   the ordinance requires no such findings where the decision maker denies a
7   conditional use permit.

8       34.   These standards unlawfully vest in the decision making body—
9   depending upon the circumstances either the Planning Director, Planning
10  Commission or the Board of Supervisors—with unlimited and unbridled discretion
11  to approve and permit, or refuse to approve and permit, protected expressive
12  conduct, or to impose conditions upon the approval of protected expressive conduct,
13  in violation of the First Amendment of the U.S. Constitution and the free speech
14  provisions of the California Constitution, Article 1, Section 2.  In addition, the
15  County's ordinance fails to ensure that a decision made in connection with a
16  conditional use permit is based upon objective criteria.

17      35.   In the absence of the conditional use procedures established by the
18  County's ordinances, Plaintiffs are left with no outlet to engage in the types of
19  expressive conduct they wish to engage in and are and would be forbidden from
20  holding religious assemblies on the Property.  The County's ordinances, even in the
21  absence of the unconstitutional conditional use procedures, therefore fail to leave
22  open alternative channels for communication of the information expressed as part of
23  wedding ceremonies.

24      36.   Plaintiffs are informed and believe and on that basis allege that the
25  County has a policy and practice in which it permits owners of agriculturally-zoned
26  properties to stage non-commercial outdoor recreational events falling within the
27  definition of NCZO § 8102-0 without requiring the approval of a conditional use
28  permit.  However, such policy and practice does not extend to Plaintiffs' wedding

PRINTED ON
RECYCLED PAPER
LA 13212090v1

ceremonies for which the County requires issuance of a conditional use permit under the unconstitutional standards described above.

37.     The County holds no legitimate zoning or police power justifications for discriminating against Plaintiffs' wedding ceremonies, or wedding ceremonies in general, in the manner described above.   The County's practice of requiring a conditional use permit for wedding ceremonies but not for other persons' or other outdoor recreational events as alleged above amounts to an unconstitutional content-based regulation of expressive conduct.

38.     Accordingly, the County's regulations governing wedding ceremonies, including the regulations of NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2, are unconstitutional on their face and as applied to Plaintiffs and Plaintiffs' Property.

**C.     The County's Rural Tourism Program**

39.     Plaintiffs are informed and believe and on that basis allege that in July 2003, the County received a grant of $70,000 from the Economic Development Administration of the U.S. Department of Commerce for the study of Rural Tourism.   The Rural Tourism Program was intended to promote rural tourism to complement the County's agricultural industries and was designed to provide, among other things, agricultural property owners with means to supplement their income to assist in keeping agricultural lands economically viable.

40.     Pursuant to the Rural Tourism Program, the County amended the NCZO in March 2005.    Among those amendments, the County permitted agricultural lands to be used for Bed and Breakfast Inns, corporate retreats and for-profit camps such as guest ranches and working ranches.

41.     In addition, the County expanded the list of temporary events conditionally allowable in agricultural zones to include weddings and increased the number of allowable events from 30 to 60 in any calendar year.

PRINTED ON

RECYCLED PAPER
LA 13212090v1

**D.** **Plaintiff's Application for a Conditional Use Permit to Hold Wedding and other Religious and Charitable Events at the Property**

42.     On or about April 12, 2015, at the insistence of the County, Plaintiffs applied to the County for a conditional use permit to allow Plaintiffs to use the Property for a variety of uses falling under the definition of "festivals, animal shows, and similar events, temporary outdoor" as used in NCZO § 8102-0, including, specifically, permission to use the Property to hold wedding events and other religious and charitable events.

43.     As explained in Plaintiffs' submission to the County's Board of Supervisors prior to its July 7, 2016, hearing, the proposed events would include charitable fundraisers, farm to table luncheons, teas and dinners, family celebrations, corporate events and religious ceremonies, including weddings.

44.     Plaintiffs' conditional use permit application was governed by NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2.   Along with their application, Plaintiffs submitted a detailed noise report demonstrating that the proposed events at the Property would not cause any discernible noise impacts at neighboring properties. In addition, evidence submitted into the administrative record established that the events, as proposed by Plaintiffs, would not cause a significant traffic impact upon adjoining roads.  Plaintiffs' application met all technical and objective requirements for the holding of temporary events at the Property required by the NCZO.

45.     Under NCZO § 8105-4, the initial decision maker for a conditional use permit for temporary outdoor events is the Planning Director.  However, here, the Planning Director, pursuant to NCZO § 8111-4.1.1.b, deferred her decision on Plaintiff's application to the Planning Commission "due to potential public controversy involving the proposed project."

46.     The Planning Commission held a public hearing on Plaintiffs' application on March 10, 2016.  The hearing lasted several hours.  Numerous people spoke both in favor and against the application.  Following the close of the public

PRINTED ON
RECYCLED PAPER
LA 13212090v1

1   hearing, the Planning Commission voted to deny the application.

2       47.    The Planning Commission based its decision to deny the application on

3   the following findings set forth verbatim:

4       (1)    The venue is not compatible with the rural community of Hidden
              Valley;

5

6       (2)    The venue has the potential to impair the utility of neighboring
              property or uses and is inconsistent with finding set forth in the

7              NCZO § 8111-1.2.1.1.c.; and

8       (3)    The venue has the potential to be detrimental to the public interest,
              health, safety, convenience, or welfare and is inconsistent with the

9              finding set forth in the NCZO § 8111-1.2.1.1.d.

10      48.    Plaintiffs appealed the denial of their application to the County's Board

11   of Supervisors.  The hearing on the application before the Board, like the hearing

12   before the Planning Commission, lasted multiple hours.  At the conclusion of the

13   hearing, the Board deadlocked 2-2, which the County claims resulted in no action and

14   the denial of Plaintiffs' application.

15      49.    Thus, as a result of the actions of the Planning Commission and Board of

16   Supervisors, Plaintiffs were denied a permit to engage in protected expressive

17   conduct pursuant to the unconstitutional regulations set forth in NCZO §§ 8102-0,

18   8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 as described above.

19      **E.    Notices of Violation and Threatened Administrative Actions**

20      50.    The County has issued to Plaintiffs multiple notices of violation

21   ("NOVs") for wedding ceremonies held at the Property without a conditional use

22   permit approved pursuant to NCZO §§ 8111.1.2.1.1 and 8111.1.2.1.2.

23      51.    On July 14, 2015, the County issued an NOV, assigned Planning

24   Violation Case No. PV15-0019, for an unpermitted wedding event.  The violation

25   was ultimately closed on August 20, 2015.

26      52.    On September 22, 2015, the County issued an NOV, assigned Planning

27   Violation Case No. PV 15-0022, for an unpermitted wedding event.  The violation

28

PRINTED ON
RECYCLED PAPER
LA 13212090v1

JMBM | Jeffer Mangels
      Butler & Mitchell LLP

1    was ultimately closed on January 14, 2016.

2        53.    On September 22, 2015, the County issued an NOV, assigned Planning

3    Violation Case No. PV 15-0023.  The violation was ultimately closed on January 14,

4    2016.

5        54.    On September 22, 2015, the County issued an NOV, assigned Planning

6    Violation Case No. PV 15-0026, for an unpermitted wedding event.  The violation

7    was ultimately closed on January 14, 2016.

8        55.    Each of the foregoing NOVs was closed because, according to the

9    County, "temporary events are self-abating once the event ends."

10       56.    On August 5, 2016, the County issued an NOV and Notice of Impending

11   Civil Administrative Penalties, assigned Planning Violation Case No. CV16-0350

12   (the "August 2016 NOV"), for unpermitted wedding events occurring at the Property

13   on July 16, 2016 and July 30, 2016.  The August 2016 NOV states that the County

14   has confirmed that a violation of the NCZO exists on the Property and that the

15   alleged violation "must be corrected or abated immediately" or "additional

16   enforcement will be taken."  According to the notice, "[a]batement can be achieved

17   by immediately discontinuing use of [the P]roperty as a temporary outdoor event

18   venue."  Further, "in order to operate the [P]roperty as a temporary event venue, you

19   must obtain a [conditional use permit] from the County."

20       57.    The August 2016 NOV also states that if the alleged violation " is not

21   immediately and permanently abated – that is, if you do not refrain from operating

22   the property as an unpermitted temporary outdoor event venue – the following

23   enforcement actions may apply".  The notice describes a range of threatened

24   administrative actions unless Plaintiffs permanently cease the use of the Property for

25   wedding events, including (1) the County would refuse to issue any new, or extend

26   any current, ministerial or discretionary permit in respect to any use or structure

27   existing on the Property; (2) the County would record a notice of noncompliance,

28   which would not be released until Plaintiffs pay all fees and charges imposed by the

PRINTED ON
RECYCLED PAPER
LA 13212090v1

County; and (3) the County will issue a Notice of Imposition of Civil Administrative Penalties advising Plaintiffs of the amount of daily monetary penalties that will be imposed against the Property.  The notice states that the penalties shall accrue each day and constitute a lien against the Property.

58.    The August 2016 NOV remains open.   Plaintiffs are informed and believe and on that basis allege that the County intends to impose penalties and fees against Plaintiffs in connection with the August 2016 NOV but has not yet done so. The County has also threatened to issue additional NOVs for Plaintiffs' private events and weddings.

59.    Each of the wedding events for which Plaintiffs has received NOVs from the County involved and amounted to expressive conduct and religious assemblies protected by the United States and California Constitutions.  The wedding ceremonies included religious rituals and symbolism, presided over by religious officials, to express and convey, among other things, the participants' religious beliefs and commitments and the commitment of the participants to one another and their communities.

### E.    The County's Selective and Discriminatory Enforcement

60.    Plaintiffs are informed and believe and on that basis allege that the County applies its ordinances regulating weddings, and other religious events in a selective and discriminatory manner.   For example, NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 make no distinction between commercial and non-commercial weddings and events, which have the same impacts upon noise and traffic.    Nevertheless, the County maintains a policy of not enforcing these regulations against weddings involving immediate family members, while enforcing them against commercial weddings and even weddings of family friends and even distant relatives.

61.    In addition, Plaintiffs are informed and believe and on that basis allege that the County maintains a policy, which mandates that, where a property owner

PRINTED ON
RECYCLED PAPER
LA 13212090v1

1   intends to hold a wedding on his or her property, all other social events that would
2   not otherwise require a conditional use permit are to be regulated by a conditional use
3   permit for the wedding despite the fact that such activities would not otherwise
4   require such a permit.

5        62.    The County's discrimination against wedding and other religious events
6   lacks a compelling justification.   Nor are the distinctions drawn by the County
7   supported by a rational basis.   Other commercial events, such as filming and other
8   commercial activities and businesses that are allowed by the County either by right or
9   through a ministerial permit in agricultural zoned areas, have far greater
10   environmental impacts upon Hidden Valley, yet enjoy far fewer restrictions and
11   regulations.   For example, the County has issued permits for commercial filming
12   activities near the Property involving after hours filming; gunfire, explosions and
13   excessive noise; filming of concerts, parties or other special events; aircrafts and
14   helicopters.

15        63.    Plaintiffs are informed and believe and on that basis allege that, the
16   County has issued permits for filming at 15 locations in the areas governed by the
17   Hidden Valley/Lake Sherwood Area Plan totaling over 4,200 hours of filming
18   activity.   The County does not have a valid basis for treating filming uses so
19   dramatically different than religious-based land uses, especially in light of the Rural
20   Tourism policies that the County as adopted

21        64.    The County's discrimination against wedding ceremonies is permitted
22   and facilitated by the County's ordinances described herein and reflected in the
23   County's practices and procedures under the County's ordinances.   In one instance,
24   the County issued a ministerial film permit for filming on Plaintiff's Property.   The
25   County later learned that the activities included the filming of a wedding ceremony
26   and issued Plaintiff an NOV on account of the forbidden practice of holding a
27   wedding ceremony in the absence of a discretionary conditional use permit.   The
28   County's practices under its ordinances are content based.   The County has no rational

JMBM | Jeffer Mangels
Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
LA 13212090v1

1   basis to permit ministerially the filming of an event while at the same time

2   prohibiting the filming of a wedding ceremony.

3       65.    Plaintiffs are informed and believe and on that basis allege that the

4   County has previously approved conditional use permits for temporary outdoor

5   events at many other locations in the area governed by the Hidden Valley/Lake

6   Sherwood Area Plan.  Just to take one example, the County issued a conditional use

7   permit for temporary outdoor events to the Lake Sherwood Country Club.   In

8   connection with that approval, the County determined that a permit allowing 175

9   outdoor weddings/events per year ranging from 200 to 1,000 guests with amplified

10   sound allowed until 11:00 p.m. would be consistent with the surrounding community.

11   In so doing, the County approved an application for more events imposing greater

12   environmental impacts than Plaintiffs' application.  Because both properties are near

13   one another in the Hidden Valley community, surrounded by properties with similar

14   zoning and character, the two are similarly situated.  The County had no justification

15   for the treating the applications differently and approving the Lake Sherwood

16   application while denying Plaintiffs'.

17       66.    Plaintiffs are informed and believe and on that basis allege that the

18   County has issued conditional use permits for temporary outdoor events to the

19   following properties all of which are similarly situated to Plaintiffs and Plaintiffs'

20   Property:  Lake Sherwood Country Club, Bell Canyon Community Center, Piru

21   Mansion, McCormick Ranch, Bella Victoria-Monahan, Walnut Grove Terra Rejada

22   Ranch, Gerry Ranch, Maravilla Gardens, Eden's Gardens, Limoneira, Rancho de Las

23   Palmas, Los Posas Country Club and Hartley Botanica, among others.  Plaintiffs are

24   further informed and believe and on that basis allege that the County has turned down

25   only one applicant for a conditional use permit seeking to conduct weddings in

26   Hidden Valley:  Plaintiffs.

27       67.    Plaintiffs are informed and believe and on that basis allege that the

28   County has treated this application and this Property owner differently than any other

PRINTED ON
RECYCLED PAPER
LA 13212090v1

- 16 -

1   conditional use permit application and another other similarly-situated property

2   owner, without a rational basis for the discriminatory treatment, at each stage of the

3   process causing additional delays, expense and damage.

4   **F.   Plaintiffs Have Suffered Substantial Monetary Damages**

5   68.   As a result of the County's insistence that Plaintiffs seek and obtain a

6   conditional use permit prior to engaging in protected activity, its denial of Plaintiffs'

7   application and the issuance by the County of repeated NOVs in connection with

8   protected activity, Plaintiffs have been prevented from holding events at the Property

9   and have thereby incurred substantial damages in an amount to be proven at the trial

10  of this action.

11  **FIRST CAUSE OF ACTION**

12  **(Abridgement of Free Speech in Violation of First Amendment of the United**

13  **States Constitution and California Constitution Article 1, Section 2)**

14  69.   Plaintiffs incorporate by reference the allegations in Paragraphs 1

15  through 68 above as if fully set forth herein.

16  70.   Under County regulations established by NCZO §§ 8102-0, 8105-4,

17  8111.1.2.1.1 and 8111.1.2.1.2, a conditional use permit is required before a person

18  may engage in protected expressive conduct upon agricultural lands in the County,

19  including the Property.  The standards of approval of such a permit unlawfully vest in

20  the decision making body with unlimited and unbridled discretion to approve and

21  permit, or refuse to approve and permit, protected expressive conduct, or to impose

22  conditions upon the approval of protected expressive conduct, in violation of the

23  First Amendment of the U.S. Constitution and the free speech provisions of the

24  California Constitution, Article 1, Section 2.

25  71.   The County's regulations governing wedding ceremonies, including the

26  regulations imposed by NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2, are

27  unconstitutional on their face and as applied to Plaintiffs and Plaintiffs' Property.  The

28  regulations imposed by the County's ordinances have a close nexus to expression, or

JMBM | Jeffer Mangels Butler & Mitchell LLP

conduct commonly associated with expression, and pose a real and substantial threat of the risks of censorship.

72.    The County's regulations governing wedding ceremonies, including the regulations of NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2, impose unjustifiable burdens upon protected expression and expressive conduct, which are not reasonable in light of the purposes served by the forum.  Moreover, by vesting permitting officials with unbridled discretion over protected activity, the regulations are not viewpoint neutral and are, instead, content based.

73.    The regulations established by NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 constitute an illicit prior restraint upon protected speech.

74.    Plaintiffs are entitled to engage in protected expressive conduct on their Property as a matter of right and unburdened by an unconstitutional prior restraint upon their expressive activities.   The County has no legitimate zoning or other justification for requiring the approval of a discretionary conditional use permit prior to allowing Plaintiffs to engage in expressive conduct on their Property.  Nor does the County have a legitimate zoning or other justification to prevent Plaintiffs from engaging in protected expressive conduct.   Plaintiffs sought approval from the County prior to engaging in constitutionally-protected speech.  The County denied Plaintiffs' application.

75.    In applying the unconstitutional regulations to Plaintiffs and Plaintiffs' Property, the County has acted under color of statute, ordinance, regulation and policy of the municipality.

76.    As a direct and proximate result of the County's actions, Plaintiffs have suffered damages and will continue to suffer damages in an amount to be proven at trial.

77.    In addition, Plaintiffs are informed and believe and thereon allege that unless and until restrained by this Court, the County will continue to apply the unconstitutional regulations described herein, refuse to permit Plaintiffs' application

PRINTED ON
RECYCLED PAPER
LA 13212090v1

to engage in protected speech and expressive conduct and seek to enforce the invalid August 2016 NOV.

78.     Unless the County is enjoined and restrained from engaging in such conduct, Plaintiffs will be irreparably injured and deprived of Constitutional rights guaranteed under the state and federal Constitutions, will suffer substantial loss of license fees and goodwill, the nature and extent of which will be extremely difficult or impossible to ascertain.

79.     Plaintiffs have no adequate remedy at law to prevent or redress the irreparable injury alleged herein.

## SECOND CAUSE OF ACTION

## (Violation of Religious Land Use and Institutionalized Persons Act; 42 U.S.C. §§ 2000cc, *et seq.*)

80.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 79 above as if fully set forth herein.

81.     The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc(a), provides that, "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest."

82.     In addition, 42 U.S.C. §§ 2000cc(b) provides that, "[n]o government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution" and "[n]o government shall impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination."

83.     The County's regulations governing wedding ceremonies, including the

PRINTED ON
RECYCLED PAPER
LA 13212090v1

regulations imposed by NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2, violate these standards because they impose a substantial burden on the religious exercise of Plaintiffs and members of the public who desire to use Plaintiffs' Property for weddings and other religious events.  Absent a County-approved conditional use permit, Plaintiffs lack the ability to hold religious services altogether.

84.   The regulations, both on their face and as applied, make it impossible for Plaintiffs to hold weddings and other religious events.  Plaintiffs own no other property in the area and have no right to use other Hidden Valley properties for use as a wedding ceremony venue.  Any efforts by Plaintiffs to locate another property or file a new land use application would result in delay, uncertainty, and expense, and would, in any event, require the issuance of a conditional use permit under the unconstitutional standards described herein.  Thus, the County could deny Plaintiffs a conditional use permit for alternative property on the same vague bases as employed by the County in connection with the Property.  Accordingly, securing alternate property to hold wedding ceremonies would require the expenditure of millions of dollars with no guaranty that Plaintiffs would be permitted to engage in the forms of expressive conduct they desire to engage in.

85.   No compelling governmental interest supports these regulations, which are not the least restrictive means of furthering whatever "legitimate" zoning interests the County does hold.

86.   Moreover, the County's regulations governing wedding ceremonies, including the regulations imposed by NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2, violate RLUIPA because the regulations treat religious assemblies such as weddings, religious revival meetings and other religious events on less than equal terms with a nonreligious assembly and events, including such uses as filming and other commercials uses, which are not subject to the same onerous restrictions and regulations as religious uses.

87.   In applying the unlawful regulations to Plaintiffs and Plaintiffs' Property,

PRINTED ON
RECYCLED PAPER
LA 13212090v1

1  the County has acted under color of statute, ordinance, regulation and policy of the
2  municipality.

3  88.  Plaintiffs are entitled to engage in protected expressive and religious
4  activities on their Property as a matter of right and unburdened by an unconstitutional
5  prior restraint upon their expressive and religious activities.  The County has no
6  legitimate zoning or other justification for requiring the approval of a discretionary
7  conditional use permit prior to allowing Plaintiffs to engage in expressive and
8  religious activities on their Property.  Nor does the County have a legitimate zoning
9  or other justification to prevent Plaintiffs from engaging in protected expressive and
10  religious activities.

11  89.  As a direct and proximate result of the County's actions, Plaintiffs have
12  suffered damages and will continue to suffer damages in an amount to be proven at
13  trial.

14  90.  In addition, Plaintiffs are informed and believe and thereon allege that
15  unless and until restrained by this Court, the County will continue to apply the
16  unlawful regulations described herein, refuse to permit Plaintiffs' application and seek
17  to enforce the invalid August 2016 NOV.

18  91.  Unless the County is enjoined and restrained from engaging in such
19  conduct, Plaintiffs will be irreparably injured and deprived of statutory rights
20  guaranteed under federal law, will suffer substantial loss of license fees and goodwill,
21  the nature and extent of which will be extremely difficult or impossible to ascertain.

22  92.  Plaintiffs have no adequate remedy at law to prevent or redress the
23  irreparable injury alleged herein.

## THIRD CAUSE OF ACTION

**(Denial of Equal Protection of Laws in Violation of Fourteenth Amendment to United States Constitution and Equal Protection Guarantees of California Constitution)**

28  93.  Plaintiffs incorporate by reference the allegations in Paragraphs 1

PRINTED ON
RECYCLED PAPER
LA 13212090v1

Jeffer Mangels
Butler & Mitchell LLP

JMBM

through 92 above as if fully set forth herein.

94.     Under the Equal Protection clause of the United States and California Constitutions, laws that treat similarly situated individuals or groups differently must have a rational basis for their adoption to be enforced.  Moreover, regulations treating individuals or groups differently based upon protected classifications are subject to enhanced scrutiny and are invalid where they are not supported by compelling justifications or narrowly tailored to address the government's legitimate concerns.

95.     As a result of the conduct alleged herein, the County's actions have deprived Plaintiffs of the equal protection of the laws guaranteed by the United States and California Constitutions.

96.     In applying the unconstitutional and unlawful regulations imposed by the County's regulations governing wedding ceremonies, including the regulations of NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2, the County has unlawfully discriminated against Plaintiffs and Plaintiffs' Property by treating non-religious uses more favorably than religious uses without a compelling justification.

97.     In addition, the County discriminated against Plaintiffs in its handling of Plaintiffs' application by applying standards not applied to similarly-situated properties identified above.  The County had no justification for the treating the applications differently and approving the other applications and denying Plaintiffs'.

98.     In taking the actions set forth herein, the County violated Plaintiffs' right to Equal Protection.  The County's discriminatory and selective treatment of Plaintiffs was performed without sufficient justification and was different from the manner in which the County has considered other, similarly situated applicants.

99.     In applying these provisions to Plaintiffs and Plaintiffs' Property, the County acted under color of statute, ordinance, regulation and policy of the municipality.

100.    As a direct and proximate result of the County's actions, Plaintiffs have suffered damages and will continue to suffer damages in an amount to be proven at

PRINTED ON
RECYCLED PAPER
LA 13212090v1

1    trial.

2       101.   In addition, Plaintiffs are informed and believe and thereon allege that
3    unless and until restrained by this Court, the County will continue to selectively
4    enforce its ordinances and continue to discriminate against Plaintiffs, Plaintiffs'
5    Property and religious land uses.

6       102.   Unless the County is enjoined and restrained from engaging in such
7    conduct, Plaintiffs will be irreparably injured and deprived of Constitutional rights
8    guaranteed under the state and federal Constitutions, will suffer substantial loss of
9    license fees and good will, the nature and extent of which will be extremely difficult
10   or impossible to ascertain.

11      103.   Plaintiffs have no adequate remedy at law to prevent or redress the
12   irreparable injury alleged herein.

13                            **FOURTH CAUSE OF ACTION**

14                    **(Civil Rights Violations, 42 U.S.C. § 1983)**

15      104.   Plaintiffs incorporate by reference the allegations in Paragraphs 1
16   through 103 above as if fully set forth herein.

17      105.   By its acts in disapproving Plaintiffs' application, refusing to allow
18   Plaintiffs to use their Property for weddings and other religious and charitable events,
19   and issuing the NOVs described herein the County and its representatives, while
20   acting in their administrative capacities, knowingly and intentionally deprived
21   Plaintiffs of their rights under the United States and California Constitutions and
22   federal laws, including, but not limited to the free speech provisions of the United
23   States and California Constitutions, RLUIPA and 42 USC §1983, and acted in
24   conscious disregard to Plaintiffs' clearly established rights.  The County's actions, on
25   their face and as applied to the Property, constitute a violation of Plaintiffs' right to
26   free speech, religious assembly and right to equal protection as alleged herein.

27      106.   By virtue of the foregoing, the County, acting under the color of the laws
28   of the State of California, and the laws, regulations and customs of the County,

PRINTED ON
RECYCLED PAPER
LA 13212090v1

- 23 -

1  deprived Plaintiffs of the rights and privileges secured by the United States
2  Constitution and laws.

3      107.   As a direct and proximate result of the foregoing, Plaintiffs have been
4  damaged in an amount not yet ascertained, but which will be proven at trial.

5      108.   Plaintiffs are entitled to attorneys' fees pursuant to 42 USC § 1988.

6                      **FIFTH CAUSE OF ACTION**

7  **(Petition for Writ of Mandate; California Code of Civil Procedure § 1094.5)**

8      109.   Plaintiffs incorporate by reference the allegations in Paragraphs 1
9  through 108 above as if fully set forth herein.

10     110.   California Code of Civil Procedure § 1094.5 provides that in matters
11  involving a final administrative order or decision made as the result of a proceeding
12  in which by law a hearing is required to be given, evidence is required to be taken,
13  and discretion in the determination of facts is vested in the inferior agency, a writ of
14  mandate shall issue where (1) the agency has proceeded without, or in excess of,
15  jurisdiction,(2)  the agency failed to provide a fair trial, or (3) the agency commits a
16  prejudicial abuse of discretion.

17     111.   An abuse of discretion is established if the agency has not proceeded in
18  the manner required by law, its order or decision is not supported by the agency's
19  findings, or the findings are not supported by the evidence.

20     112.   Plaintiffs are the owners of the Property and the permit applications and
21  are beneficially interested in the subject of this litigation.

22     113.   The County failed to provide Plaintiffs with a fair hearing in that, in
23  denying Plaintiffs' conditional use permit application, the County adopted a *de facto*
24  moratorium on religious and other wedding events on agricultural lands in violation
25  of applicable law.

26     114.   The County's decision to deny the application amounted to an abuse of
27  discretion because, among other things, the County's decision was not supported by
28  its findings and the County's findings are not supported by substantial evidence.

PRINTED ON
RECYCLED PAPER
LA 13212090v1

1    115. Plaintiffs have exhausted all required administrative remedies, or are
2    excused from exhausting their remedies as a result of the futility of pursuing such
3    remedies, among other things.

4    116. Plaintiffs have no administrative remedy and have no plain, speedy or
5    adequate remedy in the ordinary course of law. The only remedy provided by law for
6    Plaintiffs to obtain relief is this Petition for Writ of Mandate pursuant to California
7    Civil Procedure Code § 1094.5.

8    117. Because of the County's unlawful acts, Plaintiffs have had to employ
9    attorneys to bring this litigation. Plaintiffs have incurred and will incur substantial
10   attorneys' fees and litigation costs. This litigation, if successful, will result in
11   enforcement of important rights affecting the public interest, including the rights of
12   property owners in the County to engage in protected expressive conduct making an
13   award of attorneys' fees under California Civil Code § 1021.5 appropriate.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

16   118. Plaintiffs incorporate by reference the allegations in Paragraphs 1
17   through 117 above as if fully set forth herein.

18   119. An actual controversy exists among Plaintiffs and the County inasmuch
19   as Plaintiffs contend, and the County disputes, that (1) the County's ordinances
20   regulating wedding ceremonies, including the regulations of NCZO §§ 8102-0, 8105-
21   4, 8111.1.2.1.1 and 8111.1.2.1.2, are unconstitutional on their face and as applied to
22   Plaintiffs and Plaintiffs' Property; and (2) the NOVs, including the August 2016
23   NOV, which are all based upon unconstitutional regulations, are invalid and void.

24   120. Plaintiffs desire an immediate declaration of their rights arising out of all
25   of the facts and circumstances alleged herein and the concomitant obligations of the
26   County. Such declaration is necessary and appropriate at this time inasmuch as
27   Plaintiffs are irreparably injured and will continue to suffer irreparable injury until
28   such time as a declaration of their rights is made.

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
LA 13212090v1

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1.     For a judicial declaration and decree that the County's ordinances regulating wedding ceremonies, including the regulations of NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2, are unconstitutional on their face and as applied to Plaintiffs and Plaintiffs' Property because the regulations imposed by the County's ordinances vest in County permitting officials unbridled discretion over protected speech and conduct; do not advance a legitimate government interest; are overbroad and restrict more speech than necessary; fail to leave open alternative channels of communication; impose an unjustifiable burden on Plaintiffs' and others' free speech rights; constitute an illicit prior restraint upon speech and deprive Plaintiffs of the equal protection of the laws in violation of rights secured by the First and Fourteenth Amendments to the United States Constitution and free speech and equal protection rights of the California Constitution;

2.     For a judicial declaration and decree that the County's ordinances regulating wedding ceremonies, including the regulations of NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2 are invalid on their face and as applied to Plaintiffs and Plaintiffs' Property because the regulations imposed by the County's ordinances violate the Religious Land Use and Institutionalized Persons Act; 42 U.S.C. §§ 2000cc, *et seq.*;

3.     As an alternative to Paragraphs 1 and 2, for a judicial declaration and decree that the phrase, "weddings, and religious revival meetings" as used in NCZO § 8102-0" is unconstitutional on its face and as applied to Plaintiffs and Plaintiffs' Property;

4.     For a preliminary and permanent injunction restraining the County and its agents, employees, representatives, successors, and all persons acting in concert with them from enforcing the unconstitutional and unlawful provisions of the

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
LA 13212090v1

County's ordinances regulating wedding ceremonies, including NCZO §§ 8102-0, 8105-4, 8111.1.2.1.1 and 8111.1.2.1.2; enforcing the NOVs described herein and any others that may issue relating to weddings or events at Plaintiffs' Property; and from further harassing Plaintiffs in any manner related to Plaintiffs' expressive conduct, freedom of association or constitutional rights based upon Plaintiffs' holding of religious and other private events on their Property;

5.      For an Order requiring the County to issue Plaintiffs a permit for the holding of religious and other private events on their Property;

6.      For a declaration of the rights and duties of the parties as requested herein above;

7.      For compensatory damages in an amount to be determined at trial;

8.      For attorneys' fees pursuant to 42 U.S.C § 1988, California Civil Code §1021.5 and any other applicable provision of state or federal law;

9.      For costs of suit herein; and

10.     For such other and further relief as the Court may deem just and proper.


DATED:  October 7, 2016      JEFFER MANGELS BUTLER & MITCHELL LLP
                             BENJAMIN M. REZNIK
                             MATTHEW D. HINKS


                             By: */s/ Matthew D. Hinks*
                             _____
                                     MATTHEW D. HINKS
                             Attorneys for Plaintiff EPONA, LLC and MICHAEL FOWLER

PRINTED ON

RECYCLED PAPER
LA 13212090v1

1

**DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a jury trial as provided in Rule 38 of the

3    Federal Rules of Civil Procedure and Local Rule 38-1.

4

5

6    DATED:  October 7, 2016        JEFFER MANGELS BUTLER & MITCHELL LLP
                                    BENJAMIN M. REZNIK
7                                   MATTHEW D. HINKS

8

9                                   By: */s/ Matthew D. Hinks*
                                    _____
10                                          MATTHEW D. HINKS
                                    Attorneys for Plaintiff EPONA, LLC and MICHAEL
11                                  FOWLER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER
LA 13212090v1

- 28 -