JEFFER MANGELS BUTLER & MITCHELL LLP
BENJAMIN M. REZNIK (Bar No. 72364)
*breznik@jmbm.com*
MATTHEW D. HINKS (Bar No. 200750)
*mhinks@jmbm.com*
TALYA  GOLDFINGER (Bar No. 294926)
*tgoldfinger@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:    (310) 203-0567

Attorneys for Plaintiffs EPONA, LLC and
MICHAEL FOWLER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EPONA LLC, a California limited liability company; MICHAEL FOWLER, an individual, | Case No. 2:16-cv-06372-DMG (PLAx) |
| Plaintiffs, | Assigned to:  Hon. Dolly M. Gee |
| v. | **PLAINTIFFS' NOTICE OF APPEAL AND REPRESENTATION STATEMENT** |
| COUNTY OF VENTURA, a political subdivision of the State of California; and DOES 1-25, inclusive,, | **PRELIMINARY INJUNCTION APPEAL** |
| Defendants. | |

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1    Notice is hereby given that Plaintiffs Epona, LLC and Michael Fowler hereby

2    appeal in the above-named case to the United States Court of Appeals for the Ninth

3    Circuit from the Order Denying Plaintiffs' Motion for Preliminary Injunction

4    entered in this action on March 10, 2017.  The Order (Docket No. 52) is attached as

5    Exhibit A.

6        Plaintiffs' Representation Statement is attached to this Notice as required by

7    Ninth Circuit Rule 3-2(b).

8

9

10   DATED:  April 7, 2017              JEFFER MANGELS BUTLER &

11                                      MITCHELL LLP
                                        BENJAMIN M. REZNIK
12                                      MATTHEW D. HINKS
                                        TALYA  GOLDFINGER
13

14

15                                 By:  _____/s/ Matthew D. Hinks_____

16                                           MATTHEW D. HINKS
                                       Attorneys for Plaintiffs EPONA, LLC and
17                                     MICHAEL FOWLER

18

19

20

21

22

23

24

25

26

27

28

## REPRESENTATION STATEMENT

The undersigned represents Plaintiffs Epona, LLC and Michael Fowler, and no other party.  Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), Plaintiffs submit this Representation Statement.  The following list identifies all parties to the action, and their respective counsel by name, firm, address, telephone number, and e-mail, where appropriate.

| Parties | Counsel of Record |
|---|---|
| Plaintiffs Epona, LLC and Michael Fowler | BENJAMIN M. REZNIK (Bar No. 72364)<br>*breznik@jmbm.com*<br>MATTHEW D. HINKS (Bar No. 200750)<br>*mhinks@jmbm.com*<br>TALYA GOLDFINGER (Bar No. 294926)<br>*tgoldfinger@jmbm.com*<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, California 90067-4308<br>Telephone:  (310) 203-8080<br>Facsimile:  (310) 203-0567 |
| Defendant County of Ventura | LEROY SMITH (Bar No. 107702)<br>RONDA J. MCKAIG (Bar No. 216267)<br>*ronda.mckaig@ventura.org*<br>800 South Victoria Avenue, L/C #1830<br>Ventura, California 93009<br>Telephone:  (805) 654-5107<br>Facsimile:  (805) 654-2185 |

JMBM | Jeffer Mangels Butler & Mitchell LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JMBM | Jeffer Mangels
Butler & Mitchell LLP

# EXHIBIT A

Case No. 2:16-cv-06372-DMG (PLAx)
NOTICE OF APPEAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-6372 DMG (PLAx)** | Date | March 10, 2017 |

| | | | |
|---|---|---|---|
| Title | ***Epona, LLC and Michael Fowler v. County of Ventura*** | Page | 1 of 17 |

Present: The Honorable

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:  IN CHAMBERS - ORDER RE DEFENDANTS' MOTION TO DISMISS [17] AND PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [20]**

## I.
## INTRODUCTION

On August 24, 2016, Plaintiffs Epona, LLC and Michael Fowler ("Plaintiffs") filed a complaint against Defendant County of Ventura (the "County") alleging (1) abridgement of free speech in violation of the First Amendment to the United States Constitution and California Constitution Article 1, Section 2; (2) violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*; (3) denial of equal protection of laws in violation of the Fourteenth Amendment to the United States Constitution and Equal Protection Guarantees of the California Constitution; (4) civil rights violations pursuant to 42 U.S.C. § 1983; (5) petition for writ of mandate pursuant to California Code of Civil Procedure § 1094.5; and (6) declaratory relief. [Doc. # 1.]  On October 7, 2016, Plaintiffs filed a First Amended Complaint ("FAC") maintaining the same allegations.  [Doc. # 11.]

On November 4, 2016, Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.  [Doc. # 17.]  On the same day, Plaintiffs filed a motion for a preliminary injunction seeking to enjoin Defendant from enforcing the ordinances at issue.  [Doc. # 20.]  The Court held a hearing on December 2, 2016.  [Doc. # 39.]  After the hearing, the County revised the ordinance at issue and the Court granted Plaintiffs leave to file supplemental briefing as to the effect of that revision.  [Doc. # 48.]  On February 16, 2017, Plaintiffs filed a supplemental brief [Doc. # 49], and the County filed a supplemental reply on February 23, 2017 [Doc. # 51].  Having duly considered the parties' arguments as presented in their briefs and at oral argument, the Court **GRANTS** Defendant's motion to dismiss, and **DENIES** Plaintiffs' motion for preliminary injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 2 of 17 |

## II.
## FACTUAL BACKGROUND

Plaintiffs own and reside on a ranch (the "Property") in Ventura County, California. [FAC ¶¶ 10.] The Property contains a vineyard, equestrian facilities, and residential housing for ranch hands, but these business activities do not provide income. [*Id.* ¶ 20.] To maintain the vineyards and equestrian activities, Plaintiffs invested in facilities to host private, invite-only events. [*Id.*]

The Property is zoned for exclusive agricultural use and regulated by Ventura County Non-Coastal Zoning Ordinance ("NCZO") § 8105-4. [*Id.* ¶¶ 18, 24.] Outdoor events, such as weddings, are only allowed subject to a Conditional Use Permit ("CUP") approved by the County's Planning Director.[1] [*Id.* ¶¶ 25–26.] Indoor events, including weddings, would be allowed without the requirement of a CUP. [*Id.* ¶ 28.]

Section 8111-1.2.1.1 outlines the CUP approval standards as follows:

Planned development and Conditional Use Permits may only be granted if all billed fees and charges for processing the application request that are due for payment have been paid, and if all the following standards, notwithstanding subsection 'e' below, are met, or if such conditions and limitations, including time limits, as the decision-making authority deems necessary, are imposed to allow the standards to be met. The applicant shall have the burden of proving to the satisfaction of the appropriate decision-making authority that the following standards can be met. Specific factual findings shall be made by the decision-making authority to support the conclusion that each of these standards, if applicable, can be satisfied.

  a. The proposed development is consistent with the intent and provision of the County's General Plan and of Division 8, Chapters 1 and 2, of the Ventura County Ordinance Code;
  b. The proposed development is compatible with the character of surrounding, legally established development;

---

[1] "Festivals, Animal shows, and Similar Events, Temporary Outdoor – Outdoor recreational events such as harvest festivals, amusement rides, historic re-enactments, animal events, art shows, concerts, craft fairs, weddings, and religious revival meetings. Such events shall be limited to no more than sixty (60) days or fewer per calendar year." NCZO § 8102-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | **CV 16-6372 DMG (PLAx)** | | Date | March 10, 2017 |

| | | | | |
|---|---|---|---|---|
| Title | ***Epona, LLC and Michael Fowler v. County of Ventura*** | | Page | 3 of 17 |

---

    c.    The proposed development would not be obnoxious or harmful, or impair the utility of neighboring property or uses;

    d.    The proposed development would not be detrimental to the public interest, health, safety, convenience, or welfare;

    e.    The proposed development, if allowed by a Conditional Use Permit, is compatible with existing and potential land uses in the general area where the development is to be located; and

    f.    The proposed development will occur on a legal lot.

NCZO § 8111-1.2.1.1.

In preparation to apply for a permit, Plaintiffs hired consultants to assess whether the outdoor events facilities would meet the standards of NCZO § 8111-1.2.1.1. [FAC ¶ 44.] On or about April 12, 2015, Plaintiffs filed their CUP application along with a "detailed noise report demonstrating that the proposed events at the Property would not cause any discernible noise impacts at neighboring properties" as well as evidence that the events "would not cause a significant traffic impact upon adjoining roads." [*Id.*]

On March 10, 2016, the Planning Commission held a public hearing which was attended by numerous people speaking both in favor of and against the application. [*Id.* ¶ 46.] The Planning Commission denied the application because:

    (1)    The venue is not compatible with the rural community of Hidden Valley;

    (2)    The venue has the potential to impair the utility of neighboring property or uses and is inconsistent with finding [sic] set forth in the NCZO § 8111-1.2.1.1.c.; and

    (3)    The venue has the potential to be detrimental to the public interest, health, safety, convenience, or welfare and is inconsistent with the finding set forth in the NCZO § 8111-1.2.1.1.d.

[*Id.* ¶ 47.]

Plaintiffs appealed the denial of the permit to the Ventura County Board of Supervisors. After another hearing, the Board deadlocked 2-2, which "resulted in no action and the denial of Plaintiffs' application." [*Id.* ¶ 48.]

Before their application was reviewed, Plaintiffs hosted several weddings for which they received Notices of Violations ("NOVs") from the County. [*Id.* ¶¶ 50–54.] These pre-hearing

---

         **CIVIL MINUTES—GENERAL**          

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 4 of 17 |
|---|---|---|---|

NOVs were eventually closed.  [*Id.* ¶ 55.]  After the hearing, however, Plaintiffs hosted additional weddings and, as a result, received another NOV.  [*Id.* ¶ 56.]  The post-hearing NOV has not closed and carries additional threatened administrative actions unless Plaintiffs permanently cease the use of the Property for temporary outdoor events including threats that:

> (1) the County would refuse to issue any new, or extend any current, ministerial or discretionary permit in respect to any use or structure existing on the Property; (2) the County would record a notice of noncompliance, which would not be released until Plaintiffs pay all fees and charges imposed by the County; and (3) the County will issue a Notice of Imposition of Civil Administrative Penalties advising Plaintiffs of daily monetary penalties that will be imposed against the Property.

> [FAC ¶ 57.]

Plaintiffs claim that the denial of their CUP is a restraint on their right to free expression.  The County does not enforce regulations against weddings, or any private events, involving family but enforces them against commercial weddings or even charitable weddings for friends.  [*Id.* ¶ 60.]   Other similarly situated venues near Plaintiffs have received approval for CUPs for outdoor events, including weddings.  [*Id.* ¶ 65.]  Additionally, other commercial and business activities, such as filming, which involve similar noise and environmental concerns as outdoor events, are permitted near the Property.  [*Id.* ¶ 62.]  For example, at one point the County granted Plaintiffs a film permit for a show on the property, but issued the Plaintiffs a NOV once it discovered that the show was filming a wedding.  [*Id.* ¶ 64.]

In response to this litigation, the County approved a revised version of the ordinance. [Notice of Planning Commission Approval of Amendment to Non-Coastal Zoning Ordinance filed by Defendants County of Ventura, Doc. # 44; Proposed Revision to Sec. 8111-1.2.1.1, Doc. # 41, Ex. A.]  The revisions include, in relevant part:

1. Replace the words "may only" with "shall" in the first sentence of this section, to clarify the County's practice of issuing conditional use permits if the enumerated conditions are satisfied.

2. Clarify (consistent with section 8111-3.2) that specific factual findings shall be made by the decision-making authority to support the conclusion that any standard cannot be satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 5 of 17 |

[Notice of Planning Commission Approval of Amendment to Non-Coastal Zoning Ordinance filed by Defendants County of Ventura, Doc. # 44.]

### III.
### MOTION TO DISMISS

Defendant argues that the FAC fails to state a claim for the federal causes of action, *see* Fed. R. Civ. P. 12(b)(6), and, absent the federal causes of action, the remaining state claims must be dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1).

### A.    **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory.  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. Legal conclusions, in contrast, are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (citing *Twombly*, 550 U.S. at 555).

Should a court dismiss certain claims, it must also decide whether to grant leave to amend. "Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'"  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted) (quoting Fed. R. Civ. P. 15(a)(2); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | | Date | March 10, 2017 |
|---|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | | Page | 6 of 17 |
|---|---|---|---|---|

the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc* )).

**B.**    <u>**Section 1983 Claims**</u>

42 U.S.C. § 1983 "provides a cause of action against any person who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights." *Anselmo v. Cnty. of Shasta, Cal.*, 873 F. Supp. 2d 1247, 1254 (2012) (citing 42 U.S.C. § 1983). Plaintiffs allege that the County violated their First Amendment right to free exercise and their Fourteenth Amendment right to due process.

**1.**    **Standing**

The County argues that Plaintiffs do not allege sufficient facts to establish standing to bring a section 1983 challenge. A plaintiff must establish Article III standing by satisfying a three-part test: (1) the plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of," *i.e.*, "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *San Luis & Delta-Mendota Water Auth. v. Salazar*, 638 F.3d 1163, 1169 (9th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)) (internal quotation marks omitted), *cert. denied*, 132 S. Ct. 498 (2011). The party invoking federal jurisdiction bears the burden of establishing standing for each form of relief sought. *Lujan*, 504 U.S. at 561.

The County first argues that Plaintiffs lack standing because they do not have any injury as a commercial entity bringing claims on behalf of third parties. Plaintiffs argue that they have personally been deprived because they are unable to hold weddings on a non-commercial basis. According to the NCZO § 8102-10, however, Plaintiffs would be able to conduct non-commercial weddings on the property and do not have a claim for a loss of their personal rights.[2] Nevertheless, Plaintiffs have standing to bring the action on behalf of those who would

---

[2] Plaintiffs are entitled to "accessory use" of the Property including "the broad sphere of home activities as they existed at common law . . . extend[ing] to use of a 'home as a social institution, . . . for the private religious, educational, cultural advantages of the family." NCZO § 8102-0; *see also* 1 Lindgren, et al., *Cal. Land Use Practice* § 4.54, Zoning (2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 7 of 17 |
|---|---|---|---|

seek to marry on their property. "[V]endors and those in like positions have been uniformly permitted to resist efforts at restricting their operations by acting as advocates of the rights of third parties who seek access to their market or function." *Kaahumanu v. Hawaii*, 682 F.3d 789, 797 (9th Cir. 2012) (citing *Craig v. Boren*, 429 U.S. 190, 195 (1976)). As in *Kaahumanu* and *Craig*, Plaintiffs are "'obliged either to heed the [ordinance] thereby incurring a direct economic injury through constriction of [their] market, or to disobey [ordinance] and suffer' legal sanction." *Kaahumanu*, 682 F.3d at 798 (quoting *Craig*, 429 U.S. at 194).

Additionally, the County argues that the relief Plaintiffs seek cannot redress their purported injury—denial of the CUP—nor can the Court order the issuance of the CUP. Plaintiffs' injury regarding the alleged unbridled discretion of the CUP permitting scheme is the general threat of an oppressive governmental regime. The Court may review the constitutionality of a statute even if no one had applied for or been denied a permit. *See City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 759, 755–56 (1988) ("[O]ne who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license.") Plaintiffs may have been rightfully denied a permit in this instance, but they may fear reapplying because the government maintains unbridled discretion to deny their permit regardless of their efforts to meet the standards outlined in the ordinance. *See id.* at 757 ("It is not merely the sporadic abuse of power by the censor but the pervasive threat inherent in its very existence that constitutes the danger to freedom of discussion."); *Kaahumanu*, 682 F.3d at 802 ("[T]he mere existence of the licensor's unfettered discretion, coupled with the power of prior restraint, intimidates parties into censoring their own speech, even if the discretion and power are never actually abused."). Should the action result in a judgment that the ordinance is unconstitutional, this Court may strike offending portions or enjoin the County as necessary to support the free exercise of constitutional rights. *See Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684 (1987) ("[W]henever an act of Congress contains unobjectionable provisions separable from those found to be unconstitutional, it is the duty of this court to so declare, and to maintain the act in so far as it is valid.") (internal quotation marks omitted).

### 2.     Free Exercise of Religion

Plaintiffs bring both a facial and as-applied challenge to the permitting scheme.[3]

---

[3] The County claims that wedding receptions are distinct from wedding ceremonies and the ordinance only prohibits the non-religious wedding reception. That issue is not addressed in this Order, however, as the ordinance requires a CUP for "weddings" and does not distinguish the ceremony from the reception. NCZO § 8102-10.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | | Date | March 10, 2017 |
|---|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 8 of 17 |
|---|---|---|---|

### a. **Facial Challenge**

Particularly instructive to Plaintiffs' facial challenge is the Ninth Circuit's opinion in *Kaahumanu*.  In *Kaahumanu*, the plaintiffs brought, among other claims, a facial challenge to a law requiring permits to hold events on public beaches.  *Id.* at 793.  The district court granted summary judgment and the plaintiffs appealed. The Ninth Circuit described the conditions under which a facial challenge to a statute or regulation may be brought:

> [L]aws of general application that are not aimed at conduct commonly associated with expression and do not permit licensing determinations to be made on the basis of ongoing expression or the words about to be spoken, such as laws requiring building permits, pose little danger of censorship and may therefore be challenged only by the usual as-applied method.  *In other words, a facial challenge is proper only if the statute by its terms seeks to regulate spoken words or patently expressive or communicative conduct, such as picketing or handbilling.*

682 F.3d at 801 (internal quotation marks and citations omitted).  The *Kaahumanu* court noted the language of the permitting scheme did not regulate the content of religious expression on its face.  For example, it did not regulate in any manner who may officiate at a wedding, who may attend a wedding, what may be worn at a wedding, or what words may be spoken at a wedding. *Id.*  Based on the content-neutral language of the statute, the *Kaahumanu* court found that a facial challenge was "not available."  *Id.*

As in *Kaahumanu*, the CUP permitting scheme at issue here is of general applicability and does not "seek[ ] to regulate spoken words or patently expressive or communicative conduct, such as picketing or handbilling."  *Kaahumanu*, 682 F.3d at 80.  Although weddings are listed as a type of outdoor activity that would require a permit, there is no language regulating the wedding itself such as the specific restrictions on officiants, size, attendance, or content identified in *Kaahumanu*.  *Id.* at 802.  It is conceivable that the permitting authority's discretion could be used to regulate patently expressive conduct, but that allegation is appropriately handled by an "as-applied" challenge.  Furthermore, the Court's findings are based on the language of the ordinance, and there are no conceivable changes Plaintiffs could make to the FAC that would allow them to make a facial challenge to NCZO § 8111-1.2.1.1.[4]

---

[4] Plaintiffs could bring a new challenge if the ordinance is modified again, but the County's recent revisions submitted to the attention of the Court on January 13, 2017 did not add anything that would change the Court's decision on the facial challenge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 9 of 17 |

Thus, the County's motion to dismiss Plaintiffs' facial challenge to the ordinance is **GRANTED without leave to amend**.

b.    <u>As-Applied Challenge</u>

"An as-applied First Amendment challenge contends that a given statute or regulation is unconstitutional as it has been applied to a litigant's particular speech activity." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 608 F.3d 1084, 1096 (9th Cir. 2010) (citing *Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 802–03 (1984)). "The underlying constitutional standard, however, is no different then [sic] in [a] facial challenge." *Legal Aid Servs.*, 608 F.3d at 1096. Where, as here, a zoning ordinance does not "ban" speech, but merely designates where such speech may occur, plaintiffs must allege that the decision to deny the speech was an inappropriate time, place, and manner restriction. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1032 (9th Cir. 2004). As discussed above, the ordinance is content-neutral, thus, the denial "will be upheld against a First Amendment challenge so long as it furthers a substantial governmental interest and does not unreasonably limit alternative avenues of communication." *Id.*

Plaintiffs support their claim through the allegation that similarly situated properties have been granted permits to hold weddings and that there was no rational basis for denial of Plaintiffs' permit. Hence, according to Plaintiffs, the only possible reason for the denial was the content of the weddings.

These allegations do not amount to a plausible claim that the CUP was improperly denied based on content. The County provided the transcript from the public hearing held to discuss Plaintiffs' CUP application, of which this Court takes judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *see also* Ronda Decl., Doc. # 18, Hearing Tr., dated June 7, 2016, Ex. 47 at 101:18 – 104:15; 108:7–20. According to the transcript, the CUP board denied the CUP because of concerns over noise and traffic. It is well-settled that the government "ha[s] a substantial interest in protecting its citizens from unwelcome noise," *Ward v. Rock Against Racism*, 491 U.S. 781, 796, 109 S. Ct. 2746, 2756, 105 L. Ed. 2d 661 (1989) (quoting *City Council of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 806 (1984)), as well as traffic safety and convenience, *see Cox v. New Hampshire*, 312 U.S. 569, 574 (1941). Additionally, the large number of locations that have been granted permits to hold outdoor events, including weddings, undercuts Plaintiffs' argument. These locations provide ample alternatives for individuals to engage in free exercise of religion. Plaintiffs have not alleged that there is some content unique to their clientele that has been effectively banned because Plaintiffs' CUP application was denied. As the Court is not certain that Plaintiffs could not

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 10 of 17 |
|---|---|---|---|

state a claim if given an opportunity to amend, the County's motion to dismiss Plaintiffs' facial challenge to the ordinance is **GRANTED with leave to amend.**

### 3.      Unbridled Discretion

"It is well-settled, of course, that even content-neutral time, place, and manner regulations may not confer unbridled discretion on the licensing authority, so as to stifle free expression." *S. Oregon Barter Fair v. Jackson Cnty., Oregon*, 372 F.3d 1128, 1138 (9th Cir. 2004). "A plaintiff must meet two requirements to bring an unbridled discretion challenge. First, a plaintiff must satisfy the standing requirements of Article III by showing that the challenged provision or provisions apply to its conduct." *Kaahumanu*, 682 F.3d at 802 (internal quotation marks omitted). As previously explained, Plaintiffs have Article III standing. "Second, the challenged [regulation granting discretion] must have a close enough nexus to expression, or to conduct commonly associated with expression, to pose a real and substantial threat of the identified censorship risks." *Id.* (internal quotation marks omitted). Thus, Plaintiffs must show a "realistic possibility" that application of the zoning ordinance "will suppress a substantial amount of constitutionally protected speech." *Griffin v. Sec'y of Veterans Affairs*, 288 F.3d 1309, 1321 (Fed. Cir. 2008). Here, Plaintiffs are threatened by a permitting scheme which, although content-neutral on its face, threatens conduct commonly associated with expression: weddings and other outdoor events. Additionally, the ordinance requires periodic licensing which allows the licensing official to review application renewals based on prior content. *See Lakewood*, 486 U.S. at 759–60 (noting that an annual permitting scheme allows a licensor to measure the content of future speech by speech already uttered).

Plaintiffs identify four issues which they contend show that the ordinance conveys unbridled discretion to the permitting authority: (1) no requirement to publish specific findings; (2) use of the permissive language "may"; (3) lack of objective standards; and (4) a lack of time constraints to issue a decision. Courts do not decide on one issue but whether the totality of the factors confers unbridled discretion. *See Seattle Affiliate of Oct. 22nd Coal. To Stop Police Brutality, Repression and Criminalization of a Generation v. City of Seattle*, 550 F.3d 788, 799 (9th Cir. 2008).

### a.      Requirement to Make Specific Findings

"[T]ime, place, and manner regulation [must] contain adequate standards to guide the official's decision and render it subject to effective judicial review." *Thomas v. Chicago Park Dist.*, 534 U.S. 316, 323 (2002). Specific findings allow a court or any appellate authority to determine whether there is an appropriate basis for the denial, or if the denial was content-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 11 of 17 |
|---|---|---|---|

based.  *Barter Fair*, 372 F.3d at 1140 ("[A specific findings requirement] objectively constrain[s] the governing body's discretion and allow[s] effective judicial review.").  Here, the ordinance requires specific findings to support the conclusion that the standards are met, but does not require specific findings if the CUP is denied.  Indeed, the panel merely cited the sections of the code on which it based its denial, but not the actual findings.  [Compl. ¶ 47.]  The County has revised this section to require the permitting authority to issue specific findings when denying a permit, which will allow future determinations to be more adequately briefed for appellate and judicial review.  [*See* Notice of Planning Commission Approval of Amendment to Non-Coastal Zoning Ordinance filed by Defendants County of Ventura, Doc. # 44; Proposed Revision to Sec. 8111-1.2.1.1, Doc. # 41, Ex. A ("If all applicable standards cannot be satisfied, specific factual findings shall be made by the decision-making authority to support that conclusion.")]  As the ordinance has changed, this aspect of Plaintiffs' challenge has been rendered moot.  *Native Vill. of Noatak v. Blatchford,* 38 F.3d 1505, 1510 (9th Cir. 1994) (noting that while "a case should not be considered moot if the defendant voluntarily ceases the allegedly improper behavior, but is free to return to it at any time," a "statutory change . . . is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed").

### b.  Use of Permissive Language "May"

Plaintiffs also argue that the ordinance vests unbridled discretion in the licensing authority because it uses the permissive term "may."  The revised ordinance replaced "may" with "shall" and, thus, this issue is also moot.  *Blatchford*, 38 F.3d at 1510.

### c.  Lack of Objective Standards

"[A] regulation must provide objective standards that remove the permitting decision from the whim of the official; . . . ."  *Barter Fair*, 372 F.3d at 1138 (citing *Forsyth,* 505 U.S. at 133).

[T]he absence of express standards makes it difficult to distinguish, "as applied," between a licensor's legitimate denial of a permit and its illegitimate abuse of censorial power.  Standards provide the guideposts that check the licensor and allow courts quickly and easily to determine whether the licensor is discriminating against disfavored speech.  Without these guideposts, *post hoc* rationalizations by the licensing official and the use of shifting or illegitimate criteria are far too easy, making it difficult for courts to determine in any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 12 of 17 |
|---|---|---|---|

particular case whether the licensor is permitting favorable, and suppressing unfavorable, expression.

*Lakewood*, 486 U.S. at 758 (1988).

Nevertheless, the standards do not have to be too specific. Permitting is fact-based and the ordinances governing permitting may leave some flexibility and discretion to the authority. Any discretion is not *de facto* unbridled. *See Thomas*, 534 U.S. at 323–24; *see also Int'l Women's Day Mar. Planning Comm. v. City of San Antonio*, 619 F. 3d 346, 367 (5th Cir. 2010) ("While narrow, objective, and definite standards must guide an official's exercise of discretion, standards are not impermissible simply because they leave officials with some discretion.") (internal citations and quotation marks omitted).

Plaintiffs challenge the statute as containing broad, undefined terms. For example, the decision-making authority may deny a permit if it is "obnoxious" or "detrimental to the public interest, health, safety, convenience, or welfare." Sec. 8111-1.2.1.1. Additionally, it can be denied if the proposed development is not "compatible" with the "existing and potential land uses in the general area where the development is to be located." *Id.* Ordinances with similar language have been found to convey unbridled discretion to regulate free expression. *See, e.g.*, *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 149 (striking down an ordinance that "granted the commissioner absolute power to deny a permit to protect public welfare, peace, safety, health, decency, good order, morals or convenience.") (internal quotation marks omitted); *G.K. Ltd. v. City of Lake Oswego*, 436 F.3d 1082–83 (9th Cir. 2006) (upholding ordinance that issued permits only if they were "compatible" with the surrounding environment); *3570 East Foothill Blvd., Inc. v. City of Pasadena*, 912 F. Supp. 1268, 1274 (C.D. Cal. 1996) (striking down "detrimental to the public health, safety, or welfare of persons residing or working adjacent to the neighborhood of such use, or injurious to properties or improvements in the vicinity").

*G.K. Ltd.* is particularly instructive. In *G.K. Ltd.*, the Ninth Circuit considered whether a local code which required a permit for posting signs in Lake Oswego acted as a prior restraint on speech. *G.K. Ltd.*, 436 F.3d at 1082–83. The code authorized officials to review signs for compatibility with the surrounding area. *Id.* at 1083. The plaintiff argued that the compatibility clause vested the permitting authority with unbridled discretion to deny permits based on content. *Id.* at 1082. The Court noted, however, that, unlike other unbridled discretion cases, there were additional standards guiding the authorizing officials. *Id.* at 1083. In particular, "compatibility" was explicitly defined in the code. *Id.* Under the code, "[o]fficials are to look only to the proposed sign's relationship 'with other nearby signs, other elements of street and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 13 of 17 |
|---|---|---|---|

site furniture and with adjacent structures'[, including] 'form, proportion, scale, color, materials, surface treatment, overall sign size and the size and style of lettering.'" *Id.* (quoting LOC § 47.06.200(4)). "Although the design review criteria are somewhat elastic and require reasonable discretion to be exercised by the permitting authority, this alone does not make the Sign Code an unconstitutional prior restraint." *Id.* at 1084 (citing *Ward*, 491 U.S. at 794 ("While these standards are undoubtedly flexible, and the officials implementing them will exercise considerable discretion, perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity.")). The Ninth Circuit held that the standards were "'reasonably specific and objective, and do not leave the decision to the whim of the' permitting official." *Id.* at 1084 (quoting *Ward*, 491 U.S. at 794).

The ordinance at issue contains vague and undefined terms such as those in *G.K. Ltd.* In fact, there are no definitions for any of the challenged terms within the entire NCZO. Nevertheless, there are sections within the NCZO that provide guidance to the permitting authority on criteria, including "Article 9: Standards for Specific Zones and Zone Types." Section 8109-0.1 states: "Factors such as the following may be considered in establishing permit conditions and in determining appropriate intensity of development, including residential densities, for the site of a proposed project." It then lists several categories of impacts an authority should consider in reviewing a permit relevant to the instant case such as: "Agricultural resources and operations"; "Circulation of people and goods, including impacts on existing parking and circulation systems, traffic safety and emergency access"; and "Noise – increase in noise levels."

Additionally, Plaintiffs' farm is in an agricultural zone and there is a specific section in Article 9 on "Protection of Agricultural Resources" which states:

It is specifically intended that non-agricultural uses in proximity to agricultural land should be located, designed, and operated to minimize adverse effects on agriculture, including but not limited to water runoff, siltation, erosion, dust, introduction of pests and diseases, and the potential for trespassing, pilferage, or vandalism; as well as conflicts between agricultural and non-agricultural uses including but not limited to vehicular traffic and the application of agricultural chemicals to agricultural property. Specific measures, including but not limited to use restrictions, buffer zones, fences and walls, and/or screening, may be required in order to ensure that the above standard is met. Said measures shall be developed in consultation with the Agricultural Commissioner. (ADD. ORD. 4215 - 10/24/00)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 14 of 17 |
|---|---|---|---|

NCZO § 8109-0.4.

Section 8111-1.2.1.1 does not explicitly refer the authority to Article 9, but the sections cited above apply "[w]hen establishing permit conditions. . ." and thus provide the official with factors to consider during permit approval. Similar to *G.K. Ltd.*, these standards leave ultimate discretion in the hands of the authority, but provide reasonably specific guidance to the permitting official as well as guidance to the applicant seeking a permit as to what criteria the official will consider in reviewing the application.

### d.      Time Limits

Plaintiffs argue that the ordinances "fail[] to place limits on the time within which the decisionmaker must issue" a CUP. *FW/PBS, Inc.v. City of Dallas*, 493 U.S. 215, 226 (1990). Although Defendants contend that time limits exist through the California Permit Streamlining Act (Gov't Code § 65920 *et seq.*), the Court does not need to decide the applicability of this statute. The Ninth Circuit has held that procedural safeguards, such as time limits, are "relevant only to explicit censorship schemes, not content-neutral schemes." *Barter Fair*, 372 F.3d at 1138; *see also Granite State Outdoor Adver., Inc. v. City of St. Petersburg*, 348 F.3d 1278, 1281–83 (11th Cir. 2003) (absence of time limits for municipality to process permit applications does not render content-neutral sign ordinance unconstitutional); *Griffin v. Sec'y of Veterans Affairs*, 288 F.3d 1309, 1328 (Fed. Cir. 2002) (procedural safeguards requirement limited to "explicit censorship scheme[s]" that "by definition [are] not content-neutral"). As previously discussed, the ordinance at issue is content-neutral and does not require a time limit. Thus, alone, this requirement would not confer unbridled discretion, and, as the other challenged provisions have been revised, there are insufficient allegations to support a plausible claim based simply on a lack of time limits for a content-neutral ordinance.

Taken as a whole, the ordinance does not confer unbridled discretion on the permitting authority. The standards are reasonably specific and objective and, furthermore, with the revised ordinance, the County will be required to articulate its findings, which will facilitate appellate or judicial review. Based on the foregoing, the County's motion to dismiss Plaintiffs' challenge to the ordinance based on unbridled discretion is **GRANTED**.

### 4.      Equal Protection

Plaintiffs contend that the permitting requirements violate equal protection because permits to film require less scrutiny than a CUP application although they may give rise to similar concerns regarding noise and traffic. Having found that the CUP permitting scheme

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 15 of 17 |
|---|---|---|---|

does not violate Plaintiffs' First Amendment rights, the Court subjects the different schemes to the rational basis test. *See Kaahumanu*, 682 F.3d at 810.

Even assuming that the allegations in the FAC are true, Plaintiffs have failed to support a claim for an equal protection violation. Plaintiffs' CUP application is the only application alleged to have been denied. Although they claim their rights have been denied, they have not identified some free exercise that is being treated differently in the County. There are other locations that have CUPs to hold weddings and Plaintiffs admit that these locations are similarly situated. [FAC ¶ 65.] They then make the conclusory assertion that the County had no justification to deny Plaintiffs' application but for content-based discrimination. [*Id.*] That there are similarly situated venues to have weddings undercuts Plaintiffs' argument that there is discrimination against weddings. Plaintiffs have not alleged that there is a content-based distinction between denying permits for weddings on their property and granting CUPs to others. The facts alleged in the FAC seem to support the contrary inference that weddings of any type could be held in many other locations throughout the County and Plaintiffs may hold non-commercial weddings on their own property without a CUP. Without any interest to protect, Plaintiffs fail to state a claim and the County's motion to dismiss Plaintiffs' equal protection claim is **GRANTED with leave to amend**.

### C. RLUIPA Claims

#### 1. Substantial Burden

RLUIPA provides:

No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution—

(A) is in furtherance of a compelling governmental interest; and

(B) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 16 of 17 |
|---|---|---|---|

The statute broadly defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc–5(7)(A). Additionally, RLUIPA explains that the "building ... of real property for the purpose of religious exercise shall be considered to be religious exercise of the person or entity that uses or intends to use the property for that purpose." *Id.* § 2000cc–5(7)(B). In weighing the magnitude of a particular burden, the court may not consider the significance of the particular belief or practice involved. *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (citing 42 U.S.C. § 2000cc–5(7)).

The Supreme Court's free exercise jurisprudence is "instructive in defining a substantial burden under RLUIPA." *Guru Nanak Sikh Soc. of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988 (2006). As already noted above, the Court does not find any burden or nexus to content-based discrimination in the ordinance. Therefore, the County's motion to dismiss Plaintiffs' RLUIPA claim under a substantial burden analysis is **GRANTED**.

### 2.    Equal Treatment

RLUIPA also prohibits governments from imposing land use regulations in "a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution." 42 U.S.C. § 2000cc(b). "'The elements of a violation of this provision, known as the equal terms provision, are (1) the plaintiff must be a religious assembly or institution, (2) subject to a land use regulation, that (3) treats the religious assembly on less than equal terms, with (4) a similarly situated nonreligious assembly or institution.'" *Anselmo v. City of Shasta, Cal.*, 873 F. Supp. 2d 1247, 1259 (E.D. Cal. 2012) (quoting *Vietnamese Buddhism Study Temple in Am. v. City of Garden Grove*, 460 F.Supp.2d 1165 (C.D. Cal. 2006)). Neither plaintiff, here, is a religious assembly or institution. Accordingly, Plaintiffs have not stated a claim under the Equal Treatment provision of RLUIPA and the County's motion to dismiss this claim is **GRANTED**.

### D.    State Law Claims

As there are no claims remaining under federal law, the Court declines to address the remaining state law claims over which it has supplemental jurisdiction until such time as Plaintiffs are able to successfully plead federal claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- . . . (3) the district court has dismissed all claims over which it has original jurisdiction, . . .").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-6372 DMG (PLAx) | Date | March 10, 2017 |
|---|---|---|---|

| Title | *Epona, LLC and Michael Fowler v. County of Ventura* | Page | 17 of 17 |
|---|---|---|---|

**IV.**
**MOTION FOR PRELIMINARY INJUNCTION**

The FAC having been dismissed, there is no operative complaint and thus no likelihood of success on the merits.  The motion for preliminary injunction is therefore **DENIED without prejudice as moot**.

**V.**
**CONCLUSION**

In light of the foregoing, the County's motion to dismiss is **GRANTED** and Plaintiffs' motion for a preliminary injunction is **DENIED as moot**.  Plaintiffs are granted leave to amend their as-applied and equal protection claims.  Plaintiffs shall file and serve their Second Amended Complaint, or notify the County that they do not intend to amend, within 21 days after the date of this Order.  The County shall file their response within 21 days after the deadline for service of the Second Amended Complaint.

**IT IS SO ORDERED.**